## THE STATE v. KREIGER ET AL.

1. **Criminal Law :** TWO ON TRIAL: CONFESSION BY ONE. K. and B. were tried together for larceny, and there was evidence of confessions made by K., tending also to implicate B. to a slight extent. The court instructed the jury that "the confessions of the defendants, or either of them, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed, and such confessions, to have any weight, must have been freely and voluntarily made." *Held* that the jury could not have inferred from this instruction that any confessions made by K. were in any manner to prejudice B.

*Appeal from Iowa District Court.*

FRIDAY, MARCH 4.

INDICTMENT charging the defendants Kreiger and Beal with the larceny of "one set double harness." Trial by jury. Verdict and judgment. The defendant Beal appeals.

*J. T. Beem,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

SEEVERS, J.—This case has been submitted on a transcript, without argument, and we have examined, as is our duty, the entire record. We are not advised as to the grounds upon which the appellant relies to obtain a reversal of the judgment; but we infer that it is claimed that the court erred in giving the fifth paragraph of the charge to the jury,

The State v. Kreiger et al.

for the reason that this is the sole ground upon which a new trial was asked. That instruction is as follows: ". You are instructed that the confessions of the defendants, or either of them, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed; and such confessions, in order to have any weight, must have been freely and voluntarily made." This instruction, as an abstract proposition, is undoubtedly correct; but we assume that it is claimed to be erroneous upon the ground that there is no evidence tending to show that appellant made any confessions. Kreiger, however, did, and, as to him, there was evidence upon which the instruction can be properly based. It is possibly true that the court should have said to the jury that the confessions of one defendant should not prejudice his co-defendant; but we are not prepared to say that the appellant was prejudiced by the failure of the court in this respect. We think the jury must have understood the instruction to mean that the confession of one defendant was insufficient to warrant *his* conviction, unless made in open court, etc. To hold otherwise, we should be compelled to assume that the jury did not possess ordinary intelligence. The confessions made by Kreiger tend to implicate the appellant to a slight extent; but no objections were made thereto at any time by the appellant. For some satisfactory reason, it must be assumed, his counsel deemed it best that such evidence should be admitted, and therefore we cannot say that the court erred.

Upon the whole record, we are not prepared to say that the court committed any prejudicial error during the trial of this case.

AFFIRMED.