[No. 910. Decided June 27, 1893.]

C. M. ROMBOUGH, *Appellant*, v. GEROW KOONS AND MARY KOONS, *Respondents*.

CONVEYANCES — SEIZIN OF GRANTOR — BREACH OF COVENANT — AFTER ACQUIRED TITLE — RIGHT OF ACTION BY GRANTEE.

Where the grantor of land is neither in possession nor has any right of possession at the date of his deed, the covenant of seizin confers upon the grantee an immediate right of action for the recovery of purchase money paid, and the action cannot be defeated by the grantor's acquiring title subsequent to the commencement of the action.

*Appeal from Superior Court, Spokane County.*

*Hyde, Glass & Reagan,* for appellant.

*Dawson & Plattor,* for respondents.

The opinion of the court was delivered by

Stiles, J. — Appellant brought an action to recover the sum of sixteen hundred dollars from the respondents, being the consideration paid in part by himself, and in part by his assignor Savage, for several deeds of real estate in Douglas county. These deeds were in the usual form of warranty deeds, and contained a covenant of seizin in fee, and the facts appearing by the record are as follows: One Mauntell and wife were the owners of three certain ten-acre tracts of land, and in December, 1891, they made a contract with the respondent Gerow Koons under which they agreed that if he would survey these tracts into town lots, and prepare plats which they contracted to execute, and would file the plats at his own cost, advertise the property for sale and sell the lots, they would upon his demand execute deeds for as many lots as he might sell at the price, to him, of eight dollars each. One clause of the contract was that the complete title of said real estate should remain in the Mauntells until the lots were paid for by Koons. Whether any plats were executed by Mauntell and wife is not shown, but it does appear that Koons had a plat or plats in his office in Spokane, from which he claimed to sell various lots. No survey was made until after this suit was commenced. Between the first of January and the first of April, 1892, respondents made the deeds in question to the appellant and Savage, conveying a number of lots to each of them. About the first of April, 1892, it was discovered by appellant and Savage that respondents had no title whatever to any of this property, and they tendered back their deeds and demanded the repayment of the purchase money paid, in the sum of sixteen hundred dollars, which was refused. Savage assigned his cause of action to the appellant, and this suit was brought. Subsequent to the commencement of the action the respondents

obtained from Mauntell and wife a warranty deed covering all the lots described in the deeds to Rombough and Savage, and at a later day a survey of the property into lots and blocks was made. The property was at no time in the actual possession of any person.

The contention of the appellant is, that a right of action accrued to him immediately upon the execution and delivery of his deeds because of the covenant of seizin therein, which he maintains is what is known to the law as a covenant *in præsenti*, giving him immediate right to the recovery of his purchase money; while on the other hand the respondents maintain that the covenant for seizin is a real covenant which runs with the land and passes to the assignee thereof, and does not become available until there has been an eviction by the owner of the paramount title. The respondents maintain also, that inasmuch as they were in possession of this land, constructively of course, and by their deed passed the same possession or right of possession to their grantee, the covenant for seizin was satisfied for the present at least, and they especially urge that in such a case the after acquired title inured to the benefit of their grantee, who, at the most, was entitled to only nominal damages.

The superior court seems to have taken the respondents' view of the case all through, and so charged the jury that the result was a finding for the defendants, nominal damages, even, not having been awarded. In this position we think the court committed error.

With the controversy which has long been waged before various courts as to whether the covenant for seizin is a personal covenant *in præsenti* or a real covenant running with the land, we shall not now attempt to engage. In our judgment it is not material in this case, for the universal holding of all courts seems to be that, where the grantor is neither in possession nor has any right of pos-

session at the date of his deed, the covenant for seizin confers upon the grantee an immediate right of action, and the only question which has divided courts in such a case is as to whether an after acquired title can in any wise estop the grantee from maintaining his action, and recovering the purchase money paid as his damages. It is generally agreed, however, that where the title has been thus acquired before suit brought, the damages can only be such as have been actually suffered by the grantee. But there is another divergence among the courts in cases where the title is acquired after the action has been commenced. It is a general rule that such a title inures to the prior purchaser by warranty, or bargain and sale, deed, and in those states where it is held that the after acquired title absolutely passes, it is considered that only actual damages can be recovered even though the action be commenced before that time; but where it is held that the title inures only by estoppel, as against the grantor and his heirs and subsequent grantees with notice, the rule is the other way, and it is held that the grantee has his election whether he will take the title or will recover the money paid. The latter view is sustained by far the greater number of the authorities, and it seems to us is the better rule, inasmuch as under our registration laws the first grantee might retain his deed unrecorded, and a subsequent grantee would suffer by reason of the fact that he could never know, until the decease of his grantor, whether he might not at some time have executed another deed which, by relation, would take effect before his own. In these days of quick dealing with real property it has grown to be necessary, in the eyes of the courts, to do away with many of the technicalities pertaining to titles. Property is exchanged rapidly, and it is bought and sold entirely with a view to its quality of quick and safe transfer. A buyer who pays his money and takes his deed expects, and has a right to ex-

pect, that upon that instant the full title will pass to him, and nothing else will satisfy the contract which it is the intention of the parties in by far the greater majority of the cases to make.

In this case, even admitting that the respondents had the possession of these lots, and that the appellant succeeded to their possession, there can be no question but that the contract they intended to make by the deed would not be satisfied by the existence of the fact that respondents might some day receive the title under their contract with the Mauntells. And although the court submitted the case to the jury solely upon the question of possession, we find no evidence in the record tending to support any possession whatever. Koons' contract with the Mauntells gave him no possession, for at most he had a license to enter upon the land for the purpose of making a survey and to show it to purchasers. This was a license, merely, and gave him no right to take possession either as tenant or as purchaser. The terms of the contract retaining the entire title in Mauntell and wife until the money for which they contracted had been paid emphasized this fact. There was other evidence tending to show that neither Koons nor anyone else was in possession, or had ever thought of taking possession, of the lots; in fact, they were lots which had no real existence except upon the plat hanging in his office.

The authorities upon the propositions which we have stated are well summed up in *McInnis v. Lyman*, 62 Wis. 191 (22 N. W. Rep. 405); *Fritz v. Pusey*, 31 Minn. 368 (18 N.W. Rep. 94); *Shattuck v. Lamb*, 65 N. Y. 499, and particularly in *Resser v. Carney*, 54 N.W. Rep. (Minn.) 89.

We think it was the duty of the court to adopt the course here indicated, and that there should be a new trial. Judgment reversed, and remanded.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.