[No. 14429.   In Bank.—March 2, 1894.]

# KATE DIXON, RESPONDENT, *v.* J. F. W. PLUNS, APPELLANT.

VERDICT—RESORT TO CHANCE—AFFIDAVIT OF JUROR NOT CONCLUSIVE—CONFLICTING EVIDENCE—APPEAL.—An affidavit by a juryman that the verdict was arrived at by resorting to the determination of chance, and that he was induced to assent thereto in that manner, is not conclusive upon the trial court, and where the court finds upon conflicting evidence, both oral and by affidavit, that the verdict was not a chance verdict its action will not be interfered with upon appeal.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*H. C. Firebaugh,* for Appellant.

*Nagle & Nagle,* for Respondent.

GAROUTTE, J.—This case has previously been before the court.   (See 98 Cal. 384.)   At that time the appeal

from the judgment was not passed upon, but the appeal from the order denying a new trial was sustained, and the cause remanded, with directions to the trial court to hear evidence upon the manner in which the jury arrived at their verdict, and thereupon to pass upon the motion for a new trial. This course was followed by the lower court, and thereafter the motion was denied and this appeal taken from the order denying the same. The application for a new trial was based solely upon the ground that the jury had been guilty of misconduct in this, that the verdict was arrived at by a resort to chance, and evidence both oral and by affidavit was presented to the trial court for its enlightenment upon that question. The court found that the verdict was not arrived at by a resort to the determination of chance; that the jury was not guilty of misconduct; and denied the motion for a new trial.

Section 657, subdivision 2, of the Code of Civil Procedure provides substantially that whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them, by the court, by a resort to the determination of chance, such fact may be proven by the affidavits of jurors. In the present case one Koster made affidavit that the verdict was arrived at by resorting to the determination of chance, and that he was induced to assent thereto in that manner. It is now insisted that his affidavit must be taken as true, as far as his own conduct is concerned, and that he being so induced to assent the verdict must be set aside. Koster's affidavit appears to consist of two portions: 1. The verdict was a chance verdict; 2. He was induced to consent to it by reason of that fact. But the rock upon which his contention is shattered is located in the finding of the court that the verdict was not a chance verdict. If it was not a chance verdict he could not have been induced to assent to it for the reason that it was such a verdict; and the second portion of his affidavit, *ex necessitate* falls with the first. As is said in

*Dixon* v. *Pluns,* 98 Cal. 384: " Courts are not inclined to set aside verdicts for the reasons here urged," and the evidence in this case greatly preponderates in favor of the finding of the court. Appellant's counsel rely upon the late case of *Gordon* v. *Trevarthan,* 34 Pac. Rep. 135, from the supreme court of the state of Montana. Upon the facts of that case we think the trial court should not have set aside the verdict, but its action appears to have been sustained by the appellate court by invoking the well-recognized rule that the decision of the trial court upon a matter involving a substantial conflict in the evidence will not be disturbed. By affirming the action of the trial court in the present case upon a matter of conflicting evidence we are only doing as was done by the court in *Gordon* v. *Trevarthan.* If that case be construed as taking broader grounds upon this question it trespasses upon the views we entertain.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

DE HAVEN, J., PATERSON, J., HARRISON, J., MCFARLAND, J., and FITZGERALD, J., concurred.