### ADAMS v. HILL et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 13, 1912. Rehearing Denied June 15, 1912.)

1. EXCHANGE OF PROPERTY (§ 5*)—RESCISSION BY PURCHASER—RESTORATION OF STATUS—NECESSITY.

Plaintiffs sued to foreclose on vendor's lien notes given ·by defendant for the difference in value between the lands which plaintiffs had given and those they had received in an exchange with defendant. Defendant filed a cross-petition for rescission, alleging fraud, in that the lands he received were subject to liens additional to those represented to ·him bv plaintiffs as the basis for the exchange. Plaintiffs, before any attempt to rescind by defendant, had paid off liens on the land they received to a considerable amount, which defendant never offered to return. Held, that a rescission was properly denied.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. § 5.*]

2. VENDOR AND PURCHASER (§ 112*)—RESCISSION BY PURCHASER—TIME TO RESCIND.

While a vendor who has falsely and fraudulently misrepresented his property cannot defeat the purchaser's rescission of the contract by making good ·such representations, yet, where every misrepresentation has been corrected and every promise has been made good before the purchaser's attempt to rescind, equity will not decree a rescission merely because the purchaser at one time had ground therefor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 199, 200; Dec. Dig. § 112.*]

3. TRIAL (§ 48*)—DOCUMENTARY EVIDENCE—RECITALS IN RELEASES.

·Where a vendor in an action to foreclose lien notes testified that several notes had been given in the transaction, and that certain third parties had become the owners and had received payment on a part of the notes, releases of

such liens were admissible in evidence, although they contained recitals that the releasors were assignees of the original payees, not of themselves admissible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 120; Dec. Dig. § 48.*]

4. APPEAL AND ERROR (§ 725*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error to the part of a pleading referred to as seeking "to give a dissertation on the doctrine of equitable estoppel applicable to rescission" is itself as indefinite and general as the pleading excepted to, and cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

5. CANCELLATION OF INSTRUMENTS (§ 45*)— VENDOR AND PURCHASER (§ 44*)—RESCISSION BY PURCHASER—ACTION—BURDEN OF PROOF.

In an action to foreclose a vendor's lien notes, where the purchaser sought a rescission of a contract on the ground of the vendor's fraudulent representations as to incumbrances on the property offered in exchange, the purchaser had the burden of proving the fraud, and also his right to a rescission therefor.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 100, 101; Dec. Dig. § 45;* Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. § 44.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action to foreclose a vendor's lien by E. A. Hill and another against J. M. Adams and others, in which defendant Adams prayed affirmative relief. Judgment for plaintiffs against defendant Adams, and he appeals. Affirmed.

Kearby & Kearby, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellees.

SPEER, J. E. A. Hill and J. L. Hill filed their suit in the district court of Comanche county against J. M. Adams, W. L. Saye, and others, seeking to recover the amount of certain vendor's lien notes against said Adams and Saye, together with a foreclosure of the vendor's lien as against all the defendants, alleging that the notes had been executed by defendant Adams and assumed by defendant Saye. These notes were alleged to be secured by a second lien against the land described and L. T. Cunningham and the Comanche Mercantile Company intervened setting up the first lien notes and praying for a foreclosure of their lien. The defendant Adams answered, admitting the execution of the notes sued on, but pleaded fraud as a ground for rescission, and prayed judgment against the plaintiff for the sums paid by him as well as for a rescission. The defendant Saye adopted the answer of his codefendant Adams in so far as the same was applicable to him, and pleaded the rescission of the contract between himself and defendant Adams. There was a trial before a jury resulting in a verdict for the defendant Saye, and a finding, in effect, that plaintiffs had been guilty of fraud in procuring the notes of defendant Adams, but that it would be more equitable to deny a rescission of the contract between the parties, and that the plaintiffs should have judgment for the notes together with a foreclosure of the vendor's lien, but that execution should be stayed until all proper releases of liens were procured to the satisfaction of the court. The verdict and judgment were also in favor of the interveners. The defendant Adams alone prosecutes this appeal.

[1] The greater number of appellant's assignments are disposed of by our conclusions of law under his first assignment of error, which is that the court erred in refusing to instruct the jury to return a verdict in favor of the defendants for a rescission of contract of exchange for the lands in controversy. The notes in controversy were executed by appellant Adams to cover the difference in the estimated value of certain lands owned by him in Terry county and other lands owned by the Hills in Brown county in an exchange of such lands between the parties; and the contention of appellant is that, the undisputed evidence showing that there were certain mortgage and other lien incumbrances against the Brown county land contrary to the appellees' representations at the time of the exchange that there were no incumbrances (other than those assumed by appellant), such summary instruction should have been given. It is not undisputed, however, as we view the evidence, that there were any such incumbrances shown at the time of trial, but, if there were, yet the summary instruction was properly refused under the facts because it was shown that in the exchange of the Terry county lands for the Brown county lands the Hills had assumed to pay off a lien against the Terry county land amounting to some $3,500, and this indebtedness had been discharged long prior to any attempted rescission by appellant. This money has never been repaid or tendered by appellant, and thus is presented a fair question of whether or not appellant was entitled to the equitable relief of rescission. The court submitted this question to the jury and complaint is made that he should not have done so, but, as a chancellor, should have decided the question himself. As before stated, the jury found, in effect, that a rescission would be inequitable, and, upon this verdict, the court entered judgment, so that, if technically the question should not have been referred to the jury, the court, nevertheless, has declined to set aside the verdict, and has entered judgment upon it, thus adopting the finding, and we are not prepared to say the judgment thus entered is not equitable and just under all the circumstances. It is suggested by appellant that there is no pleading to justify such a verdict and judgment. But appellant's answer spe-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

cifically sought a rescission upon the facts alleged as grounds therefor, and this alone would, we think, be sufficient, but appellees beyond this did plead the fact that they had assumed the $3,500 incumbrance against the Terry county land, had paid off the same, and prayed for such relief as they were entitled to under the facts stated. We do not think it can be said as matter of law that appellant was entitled to rescind, even though the evidence showed that appellees Hill and Hill had fraudulently and falsely represented there were no incumbrances against the Brown county land, but the case is a proper one for adjusting the rights of the parties upon other equitable principles than that of rescission.

[2] By the eighth assignment, it is contended that there was no pleading of any ratification or acquiescence of appellant after a discovery of the misrepresentations, and the court should not, therefore, have submitted that issue as he did in giving appellees' special charge No. 1. However that may be, an examination of the charge given will show that it required the jury to find before they were authorized to return a verdict for appellees that such incumbrances, if any were found, were paid "off prior to the time Adams elected to rescind." If this were true, irrespective of the question of ratification or acquiescence, we take it to be the law appellant would not be entitled to a rescission. Of course, it is well settled that one who has falsely or falsely and fraudulently misrepresented his property cannot defeat the defrauded party's rescission by making good such representations. The right to a rescission must be tested by those equitable principles applicable at the time the right is exercised. But certainly a court of equity will not decree a rescission where every misrepresentation has been corrected, and every promise made good prior to any attempted exercise of that right merely because there had existed at one time just ground for the exercise of such right. In the Washington case of Rombough v. Koons, 6 Wash. 558, 34 Pac. 135, the general rule upon the subject is stated to be that, "where the title has been thus acquired before suit brought, the damages can only be such as have been actually suffered by the grantee." The phrase "before suit brought," however, we take it to be, is used as synonymous with "before the right to rescind is exercised," as where a defrauded party has actually rescinded or done all within his power to exercise that right whether before suit filed for the enforcement of such right or not. The respective rights of the parties must be determined by the facts as they exist at that time.

[3] By the twelfth and thirteenth assignments, the point is made that the court erred in admitting in evidence certain releases of vendor's liens over the objection that the recitations contained in such instruments that the releasors were the assignees of the original payees were hearsay. But one of the appellees testified with reference to these notes as follows: "There were several notes given in that deal. I think Burton held three of those notes and I paid them off to him. I think he had two or three of them. They were $133.33 and I paid two of them. The last one I paid to Burton I paid along in April, 1910. I think my brother paid that $200 and the $250 notes to Higginbotham. All I know about them is I have got them here. I think Higginbotham owned the $250 note when it was paid." This evidence tended to show that the two notes mentioned in the assignments and for which the releases were executed were owned at the time of their release, respectively, by Burton and Higginbotham. This being true, the releases themselves were admissible in evidence, even though they did contain recitations of fact which would not of themselves constitute evidence.

[4] The fourteenth and fifteenth assignments are overruled because the exceptions therein presented to appellees' pleadings are themselves as indefinite and general as the pleadings excepted to. We have no way of knowing what part of the pleadings is referred to in the exception as seeking "to give a dissertation on the doctrine of equitable estoppel applicable to rescission."

[5] We think the charge correctly placed the burden of proof on appellant to show the fraud on which he relied for a rescission and this burden, too, we think, extended to the question of the right to a rescission because of such fraud, and his requested charge, therefore, that the burden was upon appellees to show that it would be inequitable or unjust to permit a rescission, was properly refused. As already indicated in this opinion, the appellants were not necessarily entitled to a rescission merely because they had established fraud, but the burden was upon them to show the fraud, and that they were entitled to the equitable remedy of rescission in relief.

The verdict is supported in the evidence, and justifies the judgment rendered. There is no error in the proceedings, and the judgment is affirmed.