[No. 8031.]

FLORENCE ·& CRIPPLE CREEK RAILROAD COMPANY V. KERR.

1.   RAILROAD COMPANY—*Duty to Those on the Public Street.*   It is not true that· one upon the street crossing of a railroad, not actually crossing or intending to cross the tracks, and not a licensee, is a trespasser upon railroad property. (541.)

A· railway company which, in moving a locomotive backward over a public street where there is no flagman, carrying no light at the rear, and giving no signal, injures one lawfully upon the street, is liable in damages. (541.)

It is the duty of the railway company to use ordinary care to avoid

injury to one upon its tracks, at such place, whether technically a trespasser, traveler, or licensee. (542.)

2. APPEAL AND ERROR—*Verdict on Conflicting Evidence,* under proper instructions, will not be disturbed. (542.)

3. INSTRUCTIONS—*Misleading.* The Denver & Rio Grande Company and the Florence & Cripple Creek Company operated parallel tracks in the City of Canon. A brakeman of the former company, while standing upon the tracks of the latter, at a street crossing, was injured by the negligent operation of a train of the latter. An instruction which declared the brakeman negligent, if he entered upon defendant's track when the approaching train could be seen, regardless of its distance, was held properly refused. (542.)

4. DAMAGES—*Evidence as To.* In an action for personal injuries the plaintiff having proved his earning capacity before the injury, is not required to show what he has since earned. (542.)

5. NEW TRIAL—*Misconduct of Counsel.* Improper remarks of counsel which the court at once directed the jury to disregard, reprimanding the attorney, were assigned as ground for a new trial. The court below having denied the motion, and so determined that the objectionable remarks had not affected the verdict, this court declined to disturb the result. (543.)

6. —— *Misconduct of Jury—Quotient Verdict,* not arrived at pursuant to a previous agreement of the jurors, and approved by the trial court, will not be disturbed. (543, 544.)

*Error to Fremont District Court.* Hon. CHARLES A. WILKIN, Judge.

SCHUYLER, ELLISON & SCHUYLER, for plaintiff in error.

LEE CHAMPION, JAMES T. LOCKE, of counsel.

M. J. GALLIGAN, W. J. KERR, for defendant in error.

*Department.*

TELLER, J., delivered the opinion of the court.

The plaintiff in error seeks to reverse a judgment recovered by defendant in error in an action based upon the alleged negligence of the former.

We shall refer to the parties as they were designated in the trial court.

The plaintiff was a brakeman in the employ of the D. & R. G. Ry. Co., and on the night of his injury, at about

eleven o'clock, alighted from a freight train on Ninth Street in Canon City, that he might signal to the engineer of his train when the rear car had cleared a certain switch. The defendant had a track, crossing said street, near the track upon which plaintiff's train was moving, and parallel therewith. While plaintiff was upon that track, for the purpose, as was alleged, of signalling his engineer, an engine of defendant, running backward on the track, ran over plaintiff, and cut off one of his legs.

It is first urged that the complaint does not state a cause of action in that it alleges no duty which the defendant owed to the plaintiff under the circumstances, as set forth in the complaint.

Counsel contend that the complaint must allege facts which "bring plaintiff within the scope of the rule applicable to a traveler or licensee," and that in the absence thereof it is necessary to allege that defendant wilfully or wantonly injured him.

This is, of course, upon the theory that persons upon a street crossing of a railroad who are not actually going or intending to go across the tracks, are trespassers on the railroad property, unless they are there under such circumstances as make them licensees.

Such is not the law in this State. *Catlett v. Colo. & Southern Ry.*, 56 Colo. 463, 139 Pac. 14.

The complaint alleges that defendant negligently ran its engine backward across a public street, without lights on the rear of the tender, and without warning by whistle or bell, and without having a flagman at the crossing; by reason of which negligent acts the plaintiff was injured. This states a cause of action, and demurrer was properly overruled.

It is next urged that the verdict is not supported by the evidence; this upon two grounds: First, that plaintiff was a trespasser to whom defendant owed no duty except to abstain from wilfully or wantonly injuring him; second,

that plaintiff was guilty of contributory negligence, which was the proximate cause of the injury.

We have disposed of the first ground adversely to this contention in considering the sufficiency of the complaint.

The question of plaintiff's negligence was submitted to the jury under proper instructions, and, there being a conflict of evidence, this court, under a well-known practice, declines to disturb the verdict.

The failure of the court to instruct the jury that one of the defenses was that plaintiff was a trespasser, was not error since the defendant was required to use ordinary care to avoid injury to plaintiff whether he was technically a trespasser, a traveler, or a licensee. *Catlett v. C. & S. Ry.*, *supra.*

The court committed no error in refusing to give defendant's offered instruction Number eleven, as it made the plaintiff guilty of negligence if he entered upon defendant's track while the approach of the engine could have been seen, regardless of its distance from plaintiff at the time.

Defendant's instruction Number twelve contained nothing which it was entitled of right to have given to the jury, and its refusal was not error.

Defendant's instruction Number twenty was properly refused. It is not necessary to establish by evidence the specific grounds of plaintiff's damages in such a case as this. There was evidence showing his earning capacity before the accident, and he was not required to prove what he had since earned. *Fisher v. Jansen*, 128 Ill. 549, 21 N. E. 598. In *Walker v. Erie Ry. Co.*, 63 Barb. 260, in discussing the measure of damages in personal injury cases, and referring to the impossibility of presenting evidence from which the damages might be definitely determined, the court said. "The law has accordingly, in this class of cases, committed the determination of the amount of damages to be awarded to the experience and good sense of jurors. * * * Refusal to charge that there was no evidence before the jury

that the plaintiff was not earning as much money since as before the accident was not error." See also, *C. B. & Q. Ry. Co. v. Warner,* 108 Ill. 538; *New Jersey Ex. Co. v. Nichols,* 33 N. J. L. 434, 93 Am. Dec. 722; Sedg. on Dam. 1322 (9th Ed.) ; *Knapp v. S. C. Ry Co.,* 71 Iowa, 32 N. W. 18, 41.

It is also urged that a new trial should have been granted, (a) because of improper remarks made by one of plaintiff's counsels in argument to the jury, and, (b) because of the misconduct of the jury in returning a "quotient verdict."

It can not be denied that the remarks of counsel to which objection is made were improper, and an abuse of an attorney's privilege, but when objection was made, the court, in every instance, rebuked the attorney, and directed the jury to disregard the remarks. The offending counsel apologized for his breach of duty. The trial court, with much better opportunity than we to judge of the effect of the remarks, determined that they did not affect the verdict; that the jury, knowing the relationship between the offending counsel and the plaintiff, would, upon the rebuke of the court, and the apology of counsel, give no weight to the objectionable remarks in arriving at a verdict. Under these circumstances we are not disposed to disturb the finding of the court in that matter.

The alleged misconduct of the jury consists in the fact that the jury, after determining that the plaintiff ought to recover damages, and differing somewhat widely as to the amount of such damages, took the sum of the amounts which the jurors severally announced as the proper amount, and, dividing it by twelve, made the quotient their verdict.

The authorities are agreed that such a verdict is bad if it is the result of a prior binding agreement. But, if the plan is adopted merely to ascertain an average of individual opinions as to the proper amount, and that average is then adopted by each juror, without constraint from an agreement, the verdict will not be disturbed because of the manner

in which it was reached. *Empson Packing Co. v. Vaughn,* 27 Colo. 66, 59 Pac. 749.

The trial court had eleven of the jurors before it, and examined them at length as to their procedure in reaching a verdict. It found that while the amount named as damages was arrived at by addition and division, it was, on a final ballot, named by all the jurors as the quantum of damages, without any feeling of obligation to do so because of their previous action.

In *Dixon v. Pluns,* 101 Cal. 511, 35 Pac. 1030, it is held proper, in a case like this, to apply the rule that a finding of the lower court, on a conflict of evidence, should not be disturbed unless clearly wrong.

We have, however, carefully examined the evidence on this question, and find no reason to conclude that the trial court was not justified in its finding, and its consequent refusal to grant a new trial on the ground under consideration.

While the sum awarded plaintiff—$8,800—might be considered large, it is not so large as to suggest that the jurors acted from passion or prejudice. Judgments for larger sums for disabilities no greater have not infrequently been sustained.

As has already been pointed out, there is no way of determining definitely what the damages are in such a case as this, the courts holding that, "the damages must depend very much on the good sense and sound judgment of the jury upon all the facts and circumstances of the particular case." *Railroad Co. v. Barron,* 5 Wall. 90, 18 L. Ed. 541. We find no reason to question the fairness of the verdict.

There being no error apparent, the judgment is affirmed.

*Judgment affirmed.*

GABBERT, C. J., and HILL, J., concur.