[No. 14079.   Department Two.   October 1, 1917.]

EDWIN S. EVES, *Respondent*, v. FREDERICK M. CURTISS *et al.*,
*Appellants*.[1]

COVENANTS — BREACH — DEFENSES — FAILURE OF CONSIDERATION.
Where there was no consideration for a deed, there can be no recovery by the grantee for breach of covenants of warranty.

SAME—ACTION FOR BREACH—REMOTE GRANTEES—NOTICE—CONSIDERATION.   A remote grantee cannot recover for breach of covenants of warranty where the deed of warranty was without consideration, unless he shows that he purchased in reliance on the warranty, and for a present consideration moving from him to his immediate grantor.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered November 22, 1916, upon findings in favor of the plaintiff, in an action for breach of covenant, tried to the court.   Reversed.

*R. M. Dye, Merritt, Lantry & Merritt*, for appellants.

*Freece & Pettijohn*, for respondent.

PER CURIAM.—On August 28, 1912, the appellants, Frederick M. Curtiss and wife, executed to one George W. Carr a deed to eighty acres of land situated in South Dakota.   The deed contained a covenant of seizin and of right to convey, and a warranty to defend against all lawful claims.   On August 23, 1913, Carr and wife conveyed the property by quitclaim deed to the respondent, Edwin S. Eves.   Some two years later, Carr executed and delivered to Eves the following assignment:

"For valuable considerations, in hand paid, the undersigned herewith sells and assigns all of his right, title and interest in and to a certain claim against Frederick M. Curtiss et ux. to Edwin S. Eves, this 27th day of July, 1915."

The deed from the appellants to Carr recited a consideration of $2,500, and the deed from Carr to Eves recited a consideration of "one dollar and other valuable considerations."

[1]Reported in 167 Pac. 748.

On August 7, 1915, the respondent brought the present action against the appellants on a breach of the covenants contained in the deed, averring ownership of the claim represented thereby in virtue of the quitclaim deed and the assignment before set forth. The appellants answered, alleging want of consideration for the execution of the deed given by them to Carr, and knowledge thereof on the part of the respondent at the time of the execution of the quitclaim deed. The respondent denied the affirmative allegations of the answer, and set up affirmatively the purported consideration of the deed from appellants to Carr. The action was tried by the court sitting without a jury, and resulted in findings and a judgment in favor of the respondent for the sum of $2,001.

The evidence fully justified the claim of the appellants that there was no consideration for the deed from them to Carr. No cash consideration whatsoever passed between the parties thereto. Carr agreed to procure for the appellant Frederick M. Curtiss the appointment as sales agent from a California corporation for certain described territory, authorizing him to sell washing machines for the corporation, and the delivery to him from the corporation of a stated number of such machines. The appointment was never made, nor were any of the washing machines delivered. It is at once apparent, therefore, that there could be no recovery by Carr against the respondent for a breach of the covenants or the warranty upon which the action is founded. The measure of damages for a breach of these covenants, where the conveyance passes nothing to the grantees, is the consideration paid by the grantee and interest on such sum. Devlin, Deeds (2d ed.), § 894; *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.,* 31 Wash. 610, 72 Pac. 455. Where there is no consideration paid, it must follow that there can be no recovery.

The right of a remote grantee to recover on the covenants of the deed rests upon somewhat different principles. He may recover if he purchases in reliance on the covenants,

without notice of the failure of consideration, and for a present consideration moving from him to his immediate grantor. *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655. In the present case, since the appellants pleaded and proved want of consideration for the deed containing the covenants relied upon as the basis of recovery, it was incumbent upon the respondent, if he was to overcome the effect of such plea and proofs, to plead and prove the facts necessary to show himself to be a purchaser of the character above defined. This he did not do. While perhaps the pleadings were sufficient to admit the proofs, we have searched the record in vain to find anything in substantiation of the plea. On the contrary, the evidence, to our minds, rather establishes the other conclusion. The respondent certainly knew of the transaction which gave rise to the deed, and must have known that it failed of consummation. Nor was it shown that he paid any present consideration for the conveyance to him. The evidence is meager upon the question, but such as there is tends to show that he gave nothing for the conveyance other than a credit upon a past due indebtedness.

The court erred in its conclusions. The judgment should have been for the other side. The judgment is reversed, and the cause remanded with instructions to enter a judgment in favor of the defendants in the court below, the appellants here.