[No. 14195.  Department One.  December 15, 1917.]

CHARLES BROWN, *Appellant*, v. GEORGE E. CARPENTER *et al.,*

*Respondents.*[1]

COVENANTS—OF SEIZIN—MEASURE OF DAMAGES FOR BREACH.  The measure of damages for breach of a covenant of seizin in a deed given in compromise and settlement of a partnership, where there was an entire failure of title and no possession was taken, is the consideration paid, with interest thereon; which, in case a balance has been struck and agreed upon, would be the amount of the balance given in consideration of the compromise.

PARTNERSHIP—ACTIONS BETWEEN PARTNERS—COVENANTS—BALANCE AGREED UPON.  In a partner's action to recover for breach of covenant of seizin in a deed given in consideration of a compromise of the partnership, evidence that a balance had been struck and $350 agreed upon as the amount due, is sufficient to prove the consideration for the deed; but the action would fail in case the balance had not been struck as agreed upon, since an accounting would be necessary and could not be had in an action at law.

Appeal from a judgment of the superior court for King county, French, J., entered November 17, 1916, upon findings in favor of the plaintiffs for nominal damages, in an action for breach of covenant, tried to the court.  Reversed.

*Tom Alderson*, for appellant.

*George F. Hannan* and *S. H. Kelleran*, for respondents.

MAIN, J.—The purpose of this action was to recover damages for the breach of a covenant of seizin in a deed conveying real estate.  The cause, in due time, came on for trial before the court without a jury, and resulted in a judgment against the defendants for nominal damages.  From this judgment, the plaintiff appeals.

The facts are these:  The parties to this litigation had been copartners in the operation of a rooming house in Seattle.  The rooming house was sold and the partnership dissolved.  A dispute arose between them as to the amount which

[1]Reported in 169 Pac. 331.

was due the appellant from the operation of the house and
proceeds of the sale.   On October 26, 1914, the respondents,
by statutory warranty, conveyed to the appellant a tract of
land situated in Spokane county, Washington.   To the land
covered by this deed, the respondents had no title, and the
appellant at no time entered into possession thereof.   For the
breach of the covenant of seizin, the appellant sought damages
by his complaint in the sum of $700.   During the trial of
the cause and while the appellant—being the first witness—
was upon the witness stand, a colloquy took place between the
court and the counsel for the respective parties.   This arose
when an inquiry was directed to the witness as to the consid-
eration for the deed.   During the course of this colloquy, the
attorney for the appellant stated that the land covered by the
deed was absolutely worthless.   Thereupon the attorney for
the respondents moved for a judgment against his own clients
for nominal damages.   After the court had indicated that
this motion would be granted, an offer of proof was made by
the appellant as follows:

"Mr. Alderson:   I offer to prove now, before anything fur-
ther is in the case, I offer to prove by this witness, and by
myself that Mr. Brown,—that the consideration of this deed
was $350 at least; that Mr. Brown authorized me, as his at-
torney, to collect the amount due him from the defendants
Carpenter; that pursuant to that authorization I wrote a
letter to Mr. Carpenter, and he came in and I told him that
Mr. Brown had notified me that he had a claim against him
for the failure on his part to pay him the amount due from
the partnership existing between Mr. Brown and Mr. Car-
penter; that Mr. Carpenter admitted to me that there was
$300 due Mr. Brown at least, and upon my statement that I
would submit an offer to pay $350, Mr. Carpenter offered to
pay $350 in settlement of the claim by giving a note and
mortgage on this property, stating to me that he had a good
job, and was willing and able to pay off the note.   I told him
I would submit the matter, and I submitted the matter, and
eventually Mr. Brown accepted a deed, Mr. Carpenter having
represented that this property was worth one thousand dol-

lars, accepted a deed to the property in payment of the consideration of $350. And I ask at this time to amend the reply there wherein the amount stated and set forth on the representation of that land was one hundred dollars, to one thousand dollars."

This offer was objected to and the objection sustained. The cause proceeded no further, and resulted in a judgment as above indicated.

The first question is, By what rule should the damages be measured? The respondents claim that the deed was given in compromise and settlement of the partnership which had previously existed, and that, in such case, the measure of damages is the value of the property, and since it had no value, only nominal damages could be recovered. The appellant claims that the measure of damages is the consideration paid, with interest, and that his offer of proof shows, or tends to show, that the firm had settled its affairs and had agreed upon a balance due from the respondents to the appellant in the sum of $350, and that this was the consideration for the conveyance. The deed being a statutory warranty by virtue of subdivision 1 of § 8747, Rem. Code, there was embodied in it a covenant that the grantors (respondents) were

"lawfully seised of an indefeasible estate in fee simple in and to the premises therein described, and had good right and full power to convey the same; . . ."

This was a covenant of seizin, and one *in praesenti*, which was broken when made, as the admitted fact is that the respondents then had no title to the property. *Wick v. Rea*, 54 Wash. 424, 103 Pac. 462.

The measure of damages for breach of a covenant of seizin, where possession has not been taken by the grantee and there is an entire failure of title, is the purchase price with interest thereon. *Rombough v. Koons*, 6 Wash. 558, 34 Pac. 135; *Eves v. Curtiss*, 98 Wash. 367, 167 Pac. 748.

In the case last cited, referring to a covenant of seizin, it is said that:

"The measure of damages for a breach of these covenants, where the conveyance passes nothing to the grantees, is the consideration paid by the grantee and interest on such sum."

The rule also appears to be that, where the consideration for the deed is property, the measure of damages, where there is a complete failure of title, is the value of the property given as a consideration. *Burke v. Beveridge*, 15 Minn. 205; *Lacey v. Marnan*, 37 Ind. 168.

The respondents, as we understand their brief, do not take issue with the propositions of law just stated, but insist that they are inapplicable to this case. Whether they are applicable depends upon whether the appellant can make the proof which his offer (above set out) indicates. If the evidence, when introduced, would sustain the offer, it would show, or tend to show, that the members of the firm had settled its affairs and had agreed upon a balance due in the sum of $350, and that this was the consideration for the conveyance. The general rule is that a partner may sue at law a partner on a promise to pay a balance which has been struck and agreed upon. Parsons, Partnership (4th ed.), page 260, § 193; Burdick, Partnership (3d ed.), page 333.

If the measure of damages for breach of the covenant of seizin, where the title wholly fails, is the money paid, or the value of the property given as a consideration, it would seem to follow that, if the partners in this case had struck a balance and agreed upon the same as the amount which the respondents owed the appellant in compromise and settlement of the partnership affairs, this was a consideration that was susceptible of proof. The rules which would sustain the right to prove a cash consideration actually passing, or the value of the property given, would support the right to prove this consideration. If, however, upon the trial it should develop that a balance had not been struck and agreed upon, and that, in order to determine the amount due from the respondents to the appellant, an accounting would be necessary, the action must fail, because, being a law action, resort cannot be had

therein to an accounting. In Bates on the Law of Partnership, vol. 2, § 849, it is said:

"One partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions, until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus, to a share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of equity for a dissolution and accounting and ascertainment of such balance."

Whether the appellant can prove that a balance had been struck and agreed upon as indicated by his offer, we do not know, but he has the right to an opportunity to make such an attempt. Whether the appellant would have had the right to maintain an action in equity for an accounting, if the conveyance had been made in compromise and settlement of the partnership affairs without a balance having been struck and agreed upon because the consideration for such compromise and settlement had wholly failed, it is not necessary here to determine.

The case of *Gaylor v. Copes*, 16 Fed. 50, cited by the respondents, is not in point. That case did not involve the breach of a covenant in the conveyance of real estate, and is not applicable to the facts in this case.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.