[Civ. No. 2272. First Appellate District.—January 30, 1918.]

## JOHN GORDON, Respondent, v. CHARLES R. PERKINS et al., Appellants

NEW TRIAL—CHANCE VERDICT—FINDING ON CONFLICTING EVIDENCE— APPEAL.—Where, on a motion for a new trial on the ground of misconduct of the jury, the court finds upon conflicting evidence that the jury did not determine the amount of its verdict by chance, the finding will not be disturbed on appeal.

INJURIES TO REAL PROPERTY—DAMAGES.—In an action for damages for injuries to a small portion of a quarter-section of land, the defendant cannot complain that the damage was measured by the amount of damage to the portion destroyed and not the depreciation of the entire tract.

APPEAL from a judgment of the Superior Court of Mendocino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. A. Pettis, Preston & Preston, and M. H. Iversen, for Appellants.

Robert Duncan, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment against defendants in an action wherein plaintiff sought to recover damages for injuries to certain real property committed by the defendants.

Such of the facts as are necessary to an understanding of the points herein discussed will be stated in the course of the opinion.

In his brief the plaintiff makes a preliminary motion to dismiss the appeal upon the ground that the notice to the clerk to prepare the transcript on appeal was not given within the time specified in section 953a of the Code of Civil Procedure after notice of the entry of judgment.  As to that motion the conclusion we have reached on the merits of the appeal renders unnecessary a consideration of that question.

The first point presented for a reversal of the judgment is that the trial court erred in denying the motion for a new trial made on the ground of the misconduct of the jury, the defendants claiming that the jury determined the amount of its verdict by a resort to chance.

According to the affidavits filed by the defendants on said motion, the verdict of the jury was reached by each juror specifying a sum to which he believed the plaintiff entitled (a maximum of one thousand dollars having first been agreed upon), dividing the aggregate of the figures thus obtained by 12, and adopting the quotient as the amount of the verdict. Assuming that a verdict reached in this manner is one found by chance, and will be set aside (*Dixon* v. *Pluns,* 98 Cal. 384,

[35 Am. St. Rep. 180, 20 L. R. A. 698, 33 Pac. 268]; *People* v. *Richards,* 1 Cal. App. 566, [82 Pac. 691]), still in the present case, according to the affidavits filed by the plaintiff on the motion, it appears that after the amount of the proposed verdict was ascertained in the manner stated, the jurors deliberated and consulted among themselves, and as a result of such subsequent deliberation decided, independent of the agreement that had been made concerning the manner of reaching the verdict, that the sum so ascertained represented in their opinion the amount of damages to which the plaintiff was in fact entitled. The record therefore presents a conflict of evidence on the question of whether the verdict was determined by a resort to chance; and the court having found on such conflict in favor of the plaintiff, the action of the court will not be disturbed on appeal (*Dixon* v. *Pluns,* 101 Cal. 511, [35 Pac. 1030]; *McDonnell* v. *Pescadero Stage Co.,* 120 Cal. 479, [52 Pac. 725].)

Passing to the next point made by the defendants, the plaintiff in this action claims damages for injury to a small portion of a quarter-section of land belonging to him caused by the defendants. It appears that the defendants, acting for the state fish and game commission, went upon the land of the plaintiff and removed a dam which obstructed the free movement of migratory fish up and down a stream flowing through said land. At the trial plaintiff, over the objection of the defendants, introduced evidence tending to show the amount of damage to the portion of the land permanently injured. Defendants here argue, as they did in the trial court, that the true measure of damages in a case like this is the amount of the damage to the whole tract. Doubtless in a case where it is shown that the injury to a portion of the property has depreciated the market value of the entire tract, the correct measure of damages is that stated by the defendants; but in the present case no such question is presented, the plaintiff claiming damages for injury merely to the portion destroyed, and that, we think, is the least to which he is entitled. We can conceive of no similar case where the damage to the whole would be less than that to a portion; and if this be true, how can the defendants be heard to complain?

What we have said in discussing the last point disposes of other contentions of the defendants concerning certain of the

instructions to the jury. The instructions as a whole fairly state the law applicable to the facts of the case.

Judgment affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.