# April Term, 1918

## No. 8911.

### HARVEY ET AL. *v.* BEARD.

1. NEW TRIAL—*Attempted Bribery of a Juror*, by the defeated party, is no ground for a new trial.
2. —— *Conclusions of the Court Below*, upon any allegation of misconduct on the part of the jurors, or of any other person, with the jurors, are entitled to the same consideration as its conclusions upon any other question.

*Error to Denver District Court, Hon. A. Watson McHendrie, Judge.*

*Department.*

Mr. JOHN A. DEWEESE, Mr. ISHAM R. HOWZE, for plaintiffs in error.

Mr. JAMES J. MCFEELY, Mr. M. B. WALDRON, for defendant in error.

Opinion by Mr. Justice Teller.

Defendant in error recovered a judgment against plaintiffs in error in an action for malicious prosecution.

Errors are assigned on the giving and on the refusing of instructions, but it appears from the statement of the trial court, in overruling a motion for a new trial, that these errors were not argued on the hearing of said motion. The error argued then, and the only one seriously urged and discussed in the brief, is the denial of a new trial, a right to which was claimed on the ground that an attempt had been made to bribe a juror.

It appears that the foreman of the jury reported to the court that one of the jurors had disclosed the fact that he had been approached and offered a bribe to hang the jury. This report was made a short time before the jury agreed

upon a verdict for the plaintiff. The court ordered an investigation to be made, heard the testimony of said juror, of counsel on both sides, and of several other persons. The juror testified that a man came to his house in the evening, and said to him "there is fifty in it if you can hang the jury, for we don't want that kid to have anything." The man told the juror his name, and it appeared by the testimony of others that he had been in court on that day, and had been seen and heard in conversation with counsel for the defendants in that action. A citation was issued for the man, but he was not found, and never appeared during the investigation. The foreman of the jury stated in the presence of the other jurors that they were agreed that the incident had not influenced them to any extent whatever.

The court found that the verdict had not been affected by the attempted bribery, that it had been made in the interest of the defendants,—the unsuccessful party,—and that it was not ground for a new trial.

This court is committed to the doctrine that upon a question of misconduct by jurors, or of other persons with relation to jurors, the findings of the trial court are entitled to the same consideration as on other questions; and, unless it is manifest that the court came to a wrong conclusion, the findings will not be disturbed: *Laintz v. Denver Tramway Co.*, 54 Colo. 371, 131 Pac. 258; *Florence Co. v. Kerr*, 59 Colo. 539, 151 Pac. 439.

There is an abundance of evidence to support the court's findings.

The denial of the motion for a new trial on the ground above stated was right in another view of the matter. The attempt to corrupt the jury was clearly made on behalf of the defendants, the plaintiffs in error here, and, that being so, the authorities cited in support of a reversal do not apply. The true rule is laid down in *Hutchinson v. Consumers Coal Co.*, 36 N. J. L. 24-29, where it is said:

"Where both parties are innocent, a tainted verdict will in general be set aside without hesitation on the application

of either party; but the same principle of public policy which requires us to set aside the verdict in such a case imperatively forbids us doing it on the application of one who has attempted directly or indirectly to influence the jury by improper means, or who has encouraged or prompted or knowingly permitted such an attempt, or even rests under any just suspicion of having done it."

As the trial court pointed out, it would be a dangerous precedent, to establish that a litigant, apprehensive of losing his case, might attempt to bribe a juror, and make that a ground for a new trial, if he were defeated in the action.

The judgment is affirmed.

*Judgment affirmed.*

Chief Justice Hill and Mr. Justice White concur.

Decided February 4, A. D. 1918. Rehearing denied May 6, A. D. 1918.