[No. 16839. Department One. April 13, 1922.]

KATE L. (YOUNG) SMITH, *Respondent*, v. F. G. CRAWFORD *et al.*, *Appellants*.[1]

MORTGAGES (22) — EVIDENCE (164) — ADMISSIBILITY — PAROL TO VARY WRITING—COLLATERAL AGREEMENT. Where an absolute deed, intended as a mortgage, was accompanied by a written collateral agreement which was incomplete in that it failed to make any provision for the disposition of the property at the end of the two years it was to run in case neither of the parties had made sales, oral evidence of the agreement of the parties is admissible to show that the transaction was intended as a mortgage.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered May 21, 1920, upon findings in favor of the plaintiff, in an action in ejectment, tried to the court. Affirmed.

*Vance & Christensen,* for appellants.
*Troy & Sturdevant,* for respondent.

[1]Reported in 205 Pac. 1050.

FULLERTON, J.—The appellant F. G. Crawford and the respondent, Kate L. Smith, are brother and sister. On September 19, 1917, the respondent (then Kate L. Young) was the owner of lots one and two, of block four, in Wright's Central addition to the city of Olympia. At this time the property was subject to a mortgage in a sum something less than two thousand dollars, and the respondent was then indebted to her brother in another considerable sum for money loaned her by him and for money advanced by him to her use. The mortgagee was pressing for payment, and the respondent appealed to her brother to protect the property from foreclosure. This he agreed to do. The respondent thereupon conveyed to him the property, with other lands, by a deed in form absolute, with covenants of warranty, and at the same time and as part of the transaction, entered into with him the following separate written agreement:

"This agreement made and entered into this 19th day of September, 1917, by and between Kate L. Young, of Olympia, county of Thurston, state of Washington, and F. G. Crawford of Menle, county of Pacific, state of Washington, party of the second part,

"Witnesseth: That the party of the second part agrees with the party of the first part for and in consideration of the following, to wit:

"That the party of the first part, Kate L. Young, makes and conveys a deed to the party of the second part, F. G. Crawford, the following described property:

"All of that part of the Austin E. Young Homestead Claim belonging to Estate of Theodore D. Young, deceased, in Section 2 (two) T. P. (16) sixteen N. R. 3, W. W. M. Also

"The S ½ of the N. W. ¼ and N ½ of the S. W. ¼ of Sec. (19) nineteen, T. P. seventeen (17) N. R. 2 W. W. M.

"Also Lots One (1) and two (2) of Block Four (4)

Wright's Central Addition to the city of Olympia, state of Washington. Also lots one (1) to eighteen (18) inclusive of Block thirteen (13) of Union Subdivision of Ayer's Addition to the city of Olympia as shown upon the plats now on file in the office of the Auditor of Thurston county, state of Washington.

"The said F. G. Crawford shall upon the payment by the said Kate L. Young out of the sales of any part of the above described property made by either of the above named parties, upon the indebtedness of said Kate L. Young, or the Estate of Theodore D. Young, deceased, or all of the indebtedness of the said Kate L. Young and the Estate of Theodore D. Young has been satisfied and any remainder of the above property or proceeds from the sales of the above property in moneys or securities remaining above the indebtedness of the above land and estate, shall be conveyed and transferred to the said Kate L. Young and her heir and assign, any time on or before the expiration of two years from date of this agreement."

At the time of the execution of the instruments, the respondent was personally residing on the property. Later on she took up her residence elsewhere, continuing, however, to exercise dominion and control over the property by leasing it to tenants, and collecting the rentals derived therefrom. She did not repay to her brother the amount advanced by him to take up the mortgage mentioned, nor did she pay the other indebtedness which she owed him. At the expiration of the two-year period mentioned in the separate agreement, the appellant contracted to sell the property to his coappellants, Howey, and finding the property temporarily vacant, put them in possession thereof.

The respondent thereupon instituted the present action to recover possession of the property. The pleadings were so framed as to put the title of the property in issue. The cause was tried to the court

sitting without a jury. The court, among other findings, found:

"That it was agreed between the parties that the deed of the premises involved in this action to the said defendant F. G. Crawford was one for security of an indebtedness from the plaintiff to the said defendant and was intended as a mortgage only, and the court finding such to be the case from the written agreement for defeasance set forth herein, together with the other testimony submitted and received by the court, therefore finds that such deed was a mortgage and not a deed, and that no action has been commenced to foreclose the same."

From the facts found, the court concluded that the respondent was entitled to recover the property, and entered a judgment accordingly.

The appellant took no exceptions to the findings of fact; in effect conceding that, if the evidence on which they are based is properly in the record, there is not a preponderance of evidence against the findings. His counsel argue, however, that the court in the admission of evidence violated the parol evidence rule. They concede that, in this jurisdiction, parol evidence is admissible to show that a deed absolute in form was intended only as security for a debt, and thus in effect a mortgage; but they contend that the rule is inapplicable to a deed the purpose and intent of which is expressed and defined in a collateral writing executed at the time of the execution of the deed and as a part of the transaction. The argument is forceful, and were the collateral agreement in this instance complete in itself, it might be difficult to find a satisfactory reason for an opposing conclusion. But this writing is not complete in itself; its most glaring defect being that, while it provides for sales of the deeded property by either of the parties thereto, and for the ap-

plication of the proceeds of the sales to the indebtedness of the respondent, it makes no provision for a disposition of the property in the case (the actual happening here) that neither of the parties make sales thereof. The writing being thus incomplete, neither party was estopped by the parol rule from showing the true nature of the transaction.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.