[No. 18154.   Department One.   November 6, 1923.]

FRANK G. CRAWFORD *et al., Appellants,* v. KATE L.
(YOUNG) SMITH, *Defendant,* CLYDE L. HOWEY
*et al., Respondents.*[1]

APPEAL (437)—REVIEW—HARMLESS ERROR—PLEADING.   A judg-
ment for the value of betterments cannot be objected to on the
ground that the cross-complaint therefor did not allege that the
betterments enhanced the value of the property, where the complaint,
fairly interpreted, relates to the increase in the value, and evidence
was introduced without objection that the improvements increased
the market value of the property.

IMPROVEMENTS (4)—COMPENSATION—MEASURE OF DAMAGES.   The
measure of damages for the value of improvements, when the
vendors made no false representations but were unable to perform
their contract of sale by reason of a defect in their title, is the re-
turn of the amount paid on the contract, with interest, together with
the enhancement of the value of the property caused by the im-
provements reasonably and necessarily made by the vendee while in
possession.

SAME (4)—COMPENSATION—REPAIRS OR BETTERMENTS.   In an
action to recover for betterments, findings that the expenditures
were reasonably necessary to make the premises suitable as a home
for which it was purchased and enhanced the value of the property,
sustain a judgment therefor, and are not subject to the objection
that the expenditures were for repairs and not for betterments.

SAME (4)—COMPENSATION—DEFENSES.   It cannot be urged in
defense of an action for betterments that the plaintiffs knew of the
defects in title and took the land at their peril, where defendants
warranted the title and assured the same through litigation extend-
ing to the supreme court, and the betterments were within the con-
templation of the parties and essential for the occupation of the
premises.

APPEAL (117)—PRESERVATION OF GROUNDS—OBJECTION TO COM-
PLAINT.   Plaintiff cannot assign error in that it was improper to
try the issues in the cross-complaint of an intervener who was
brought into the action by the defendant, where plaintiff's motion to
strike the cross-complaint was not disposed of in the court below.

APPEAL (371)—REVIEW—CORRECT DECISION BASED ON ERRONEOUS
GROUNDS.   Error cannot be assigned upon the amount of the re-
covery, in that it includes interest not allowable, where the findings
justified a greater recovery.

[1]Reported in 219 Pac. 855.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered April 4, 1923, upon findings in favor of an intervener upon a cross-complaint for the value of betterments, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Fred M. Bond,* for appellants.

*Thos. L. O'Leary,* for respondents.

MACKINTOSH, J.—The appellants had an instrument which, on its face, purported to be a deed executed by the defendant. This court, in *Smith v. Crawford,* 119 Wash. 580, 205 Pac. 1050, in litigation involving the instrument, held that it constituted a mortgage, and this action was begun for the purpose of foreclosing the same.

Soon after the execution of the instrument, the appellants, acting upon the theory that legal title was conveyed to them, entered into a real estate contract with the respondent whereby the latter agreed to purchase the property for $3,500, making a down payment and agreeing to make subsequent monthly payments. Respondents went into possession of the property and expended certain amounts thereon. The respondents were not parties to this action when it was instituted, but appeared as interveners and filed a cross-complaint against the appellants, asking for damages for a breach of the contract of sale to them. Upon trial, judgment was entered foreclosing the mortgage and giving judgment to the respondents against the appellants for some $1,100 or $1,200 damages.

The appellants' reasons for reversal may be considered in the order in which they have been presented.

(1) The respondents are not entitled to recover the value of the improvements, or betterments, placed on the premises, because their cross-complaint does not

allege that such improvements, or betterments, had enhanced the value of the property. Two answers to this may be found. In the first place, giving the liberal construction to which the pleadings are entitled, the complaint is fairly interpretable as relating an increase in the value of the property by reason of the improvements; and, secondly, testimony at the trial was produced, without specific objection thereto, to the effect that these improvements had increased the market value of the property.

(2) That the appellants, having made the contract with the respondents in good faith, should not be held for damages in an amount greater than the return of the payments made, less a reasonable rental value. It is conceded that the appellants thought that they had legal title to the property at the time they entered into the contract of sale with the respondents, and that they made no false representations. It is also true that the appellants had no title and were unable to perform their contract and entirely breached it. An examination of the authorities reveals that, in different jurisdictions, there are different measures of damages in actions of this nature. But this court is committed to the view—as are many others—that, under such circumstances as here, the proper measure of damages is the return of the amount which has been paid on the contract, with interest, together with the enhancement of the value of the property caused by the improvements reasonably and necessarily made by the vendee while in possession. In *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880, this rule seems to have been announced, as it was subsequently in *Babcock Cornish & Co. v. Urquhart,* 53 Wash. 168, 101 Pac. 713, and *Snarski v. Washington State Colonization Co.,* 53 Wash. 221, 101 Pac. 839, and there is nothing ap-

pearing in the cases of *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.,* 31 Wash. 610, 72 Pac. 455, and *Eves v. Curtiss,* 98 Wash. 367, 167 Pac. 748, contrary thereto; these latter cases establishing that the vendee is not entitled to damages for the loss of his bargain.

The respondents, therefore, are entitled to damages measured by the enhanced value of the property as created by the improvements which they placed on the property in reliance on the contract, it being contemplated by the parties that such improvements should be made.

(3) It is claimed that the money expended by the respondents was not for improvements but for repairs. This presented a question of fact, and an examination of the statement supports the findings of the trial court that the expenditures which were allowed "were reasonably necessary to make the premises . . . suitable as a home . . . and that the expenditures so made . . . enhanced the value of the property upon which the expenditures were made, at least to the amount of the sum total of such expenditures," and compels us to concur with this view.

(4) That the respondents knew all of the facts and made the payments and expenditures at their own peril. The record hardly sustains this contention, for the appellants, in the contract, had warranted the title and at all times contended that it was good and that they would make proper conveyances to the respondents. They insisted upon the respondents' complying with the term of the contract, and not until this court had decided contrary to the appellants' contention were the respondents in a position to deny the appellants' claim. Moreover, the improvements which were

placed upon the property must have been contemplated by the parties when the contract was entered into, for the testimony shows that the premises were in such condition that the expenditures were essential.

(5) That there was an agreement between the respondents and appellants that, if in the litigation concerning the nature of the instrument given by the defendant the appellants were unsuccessful, the respondents should move from the premises and the appellants would return the payments made under the contract, less certain monthly rentals. This assignment presents a disputed question of fact which the trial court decided against the appellants, and we find nothing in the record to justify our holding to the contrary.

(6) It is next argued that the counterclaim was not properly triable in this action, it being asserted that the respondents had no interest in the subject-matter of the action between the appellants and the defendant which would entitle them to present their claim for damages. The respondents were brought into court upon motion of the defendant. If otherwise available to the appellants, the point has not been preserved in the record, which discloses an undisposed of motion to strike the cross-complaint. The case was submitted on its merits and there being no exception to the disposition by the court of the motion to strike (if it was actually presented), we cannot now consider this objection.

(7) It is finally argued that the court was in error in allowing the respondents interest upon the various amounts they had expended for improvements from the date such expenditures were made. Even though it may be that the measure of damages allowable to respondents for improvements to appellants' property is not the sum expended by them in paying for such improvements, but the enhanced value of the property,

in which event, of course, a judgment for the amount so expended with interest would not be proper; yet, in this case, the evidence clearly shows that, although that may have been the method in which the trial court arrived at the award of damages, still the respondents were entitled to at least that amount, and the testimony would justify a recovery for an appreciably greater sum, based upon the theory that the damages are to be measured by the increased value of the property. When the amount fixed by the trial court is correct, the method by which it reached that amount is of little consequence.

For the reasons stated, the judgment is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.