### Alf. A. Edwards v. J. C. Wooldridge.

Decided December 5, 1908.

**1.—Sale—Personal Property—Defects—Acceptance.**

Where there is a sale of personal property to be delivered, and no express warranty that would survive delivery, the purchaser cannot afterwards complain of visible defects therein, but will be held to the contract price when he accepts the property upon delivery, having an opportunity to examine the same. And this is true although he continuously protested that the property was not of the kind or quality contracted for.

**2.—Same—Charge.**

In a suit for the contract price of certain safes sold by plaintiff to defendant, charge of the court considered, and held reversible error in that it deprived plaintiff of the right to recover if defendant within a reasonable time notified plaintiff that the safes were not satisfactory, although defendant may have retained possession of and used the safes.

**3.—Same—Patent Defects.**

The retention and use of personal property delivered in pursuance of an executory contract of sale will amount to an acceptance of the sale when the alleged defects are patent and must have been observed when the property was received.

Appeal from the County Court of Cooke County. Tried below before Hon. C. R. Pearman.

*Davis & Thomason,* for appellant.—When a purchaser receives and uses goods delivered to him pursuant to a contract of purchase he can not avoid paying for them by notifying the seller within a reasonable time that he would refuse them. Parks v. O'Conner, 70 Texas, 377; Seay v. Diller, 16 S. W., 642.

*Potter, Culp & Giddings,* for appellee.—The purchaser who is not at fault is not required to go to any expense to return to the seller property sold upon fraudulent representations by the seller as to its character, and delivered to the purchaser who has no notice of the fraud until after he has received the property. Ford v. Oliphant, 32 S. W., 437; Jesse French Piano & Organ Co. v. Nolan, 85 S. W., 821; J. I. Case Threshing Machine Co. v. Hall, 73 S. W., 835; Hume v. Sherman Oil & Cotton Co., 65 S. W., 390; Roth v. Continental Wire Co., 68 S. W., 594; Faust v. Koers, 85 S. W., 278; Woods v. Thompson, 88 S. W., 1126.

SPEER, Associate Justice.—The nature of this suit will appear from the charge hereinafter quoted, upon which is predicated for the most part the assignments seeking a reversal of a judgment in favor of the defendant in the action:

"1st. Plaintiff sues to recover the sum of $195 as the purchase price of three safes, alleged to have been sold and delivered to defendant by plaintiff. Also to recover the sum of $8, alleged to have been paid out by plaintiff as freight on one safe shipped from Munday to Dallas, Texas.

"2d. If you find from the evidence before you that plaintiff sold

to defendant the three safes shipped to him and that said safes which were shipped to defendant were the same safes contracted for by defendant, then you will return a verdict for plaintiff for the sum of $195,. together with the sum of $8 paid out as freight by plaintiff, less whatever amount you find defendant may have paid out as freight in receiving said safes from the cars. But if you should find for plaintiff you will not deduct any sum for drayage which defendant may have paid out in moving said safes.

"3d. If you should find from the evidence that though the safes shipped to defendant J. C. Wooldridge were not of the same kind and quality bought by him, yet if he received said safes and accepted same and failed to notify plaintiff within a reasonable time that he would refuse said safes, then you will find for plaintiff.

"4th. If you find for plaintiff you will allow him six percent interest on whatever sum your verdict is for from the 1st day of January, 1907.

"5th. If the safes sold by the plaintiff to defendant were represented by the agent of plaintiff at the time of the purchase to be a certain kind and quality and the defendant entered into the contract of purchase believing he was going to get safes of such kind and quality; and if you further find that plaintiff shipped to defendant safes of an inferior kind and quality to those which he bought; and if you further find that the defendant within a reasonable time after said safes had been delivered to him notified the plaintiff that said safes were not satisfactory and were not of the kind and quality bought by him, then you will return a verdict for defendant, together with a judgment for whatever freight and drayage defendant may have paid out in receiving said safes."

We sustain appellant's assignment complaining of the fifth paragraph of the court's charge above set out upon the ground that it deprived appellant of the right to have the jury to consider the defense interposed that appellee had accepted the safes by retaining possession and using them. To this assignment appellee replies that the third paragraph of the charge meets the objection here made, but we are of the opinion it does not quite do so. It will be observed from an examination of that paragraph of the charge that to entitle appellant to a judgment upon the theory that appellee received and accepted the safes, he must also have "failed to notify plaintiff within a reasonable time that he would refuse" them, whereas, as we construe the law, appellant would be entitled to recover even though appellee did notify him that he would refuse the safes, if he nevertheless actually accepted them by using them in his business. The rule of law seems tersely to be stated in Florida Athletic Club v. Hope Lumber Co., 18 Texas Civ. App., 168, as follows: "We understand the rule to be that where there is a sale of personal property to be delivered and no express warranty that would survive delivery, upon the delivery with an opportunity to examine the same and an acceptance, the vendee can not complain as to visible defects therein, but will be held for the contract price. And this is true, although all the time he protested that the property was not of the kind and

quality contracted for." See cases there cited; also Cream City Glass Co. v. Friedlander (Wis.), 21 L. R. A., 135; Faust v. Koers (Ark.), 86 S. W., 278.

We are of the opinion the court erred in thus affirmatively restricting appellant's right to recover, but if there is any doubt as to this, appellant nevertheless requested the following instruction which pertinently submitted the issue and should have been given, viz.: "Even though you should believe that safes No. 2502 shipped to the defendant did not conform to the representations made by J. W. Hill, Jr., still, if the defendant received said safes and used them, he is liable in law to pay for the same according to contract price, whether they conform to the contract or not." The defects in these safes were perfectly patent and it is not a case where appellee can insist that his use was merely for the reasonable or necessary purpose of testing the property to see if it complied with appellant's representations. The use which the evidence tends to show he put them to is perfectly inconsistent with that idea, and consistent only with the rights of an owner. That such use will amount to an acceptance of property tendered in pursuance of an executory contract of sale seems to be well settled by the authorities heretofore cited and many others that might be added. The authorities cited by appellee are for the most part distinguishable from the case at bar by the observation in Athletic Club v. Lumber Co., already cited, to the effect that they "were suits upon commercial paper executed for the balance of the purchase money for machinery sold and delivered upon an express warranty." In yet others of the cases cited by appellee the question of retention and use as a waiver did not arise at all.

For the error indicated the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*