**HARRELL et al. v. LOLLAR.    (No. 8286.)***

(Court of Civil Appeals of Texas. Galveston. Feb. 27, 1923. Rehearing Denied March 29, 1923.)

Sales ⟨⟩ 178(4)—Purchasers' notice of nonacceptance ineffective where he makes use of the goods.

Where the purchasers of pews or seats notified the seller that the goods were not in compliance with the contract and offered rescission which the seller declined, and the purchasers thereafter installed them temporarily in the courthouse for which they had been purchased, and at the end of their temporary use sold them to a church for an amount in excess of the contract purchase price, the purchasers were liable to the seller for the contract price.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by L. P. Lollar against Ed. H. Harrell and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Wolters, Storey, Blanchard & Battaile, of Houston, for appellants.

Gill, Jones, Tyler & Potter, of Houston, for appellee.

LANE, J. This suit was instituted by appellee, L. P. Lollar, assignee, of E. H. Stafford Manufacturing Company, against Ed. H. Harrell and J. H. Smith, to recover $1,084.40 the contract purchase price for certain pews or seats sold by said Stafford Company to the said Harrell and Smith, who were doing business under the firm name of C. H. Meyers & Co.

The plaintiff by his petition filed on the 14th day of March, 1921, alleged:

That on the 24th day of July, 1917, E. H. Stafford Manufacturing Company, a corporation, "entered into a written contract with defendants, Ed. H. Harrell and J. H. Smith, in their firm name, by the terms of which the Stafford Manufacturing Company agreed to manufacture and ship to defendants at Sweetwater, Tex., certain pews or seats, and by which defendants agreed to accept and pay for said pews or seats the sum of $1,084.40; that Stafford Manufacturing Company did in the month of October, 1917, ship defendants the pews and seats as per contract, and did comply with every obligation resting upon it by reason of said contract; that thereafter, under a claim that the pews were not in compliance with the contract, defendants made an offer or proposition in writing to Stafford Manufacturing Company to the effect that said contract be rescinded, which offer was by the Stafford Manufacturing Company refused, and thereafter the defendants accepted said pews or seats and used them for their own benefit; that by reason of the execution of said contract by the defendants, and of the compliance with each and all of the obligations thereunder by the E. H. Stafford Manufacturing Company, and of the acceptance of said shipment by the defendant, said defendants, each and both of them, promised to pay and became liable to the E. H. Stafford Manufacturing Company in the sum of $1,084.40, with interest at the rate of 6 per cent. per annum from November 1, 1917. "That by assignment, dated March 2, 1921, the said E. H. Stafford Manufacturing Company, for a valuable consideration, assigned its claim and cause of action to the plaintiff, L. P. Lollar. * * *

"The defendants answered by general denial and a plea of the two-year statute of limitation, and further pleaded that said seats were to be manufactured for use in the Nolan county courthouse, according to certain plans and specifications; that, when the pews were delivered at Sweetwater, Tex., it was ascertained that they were not according to contract, and the defendants immediately advised the Stafford Manufacturing Company to that effect, and requested their advice as to disposition."

---

⟨⟩ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 16, 1923.

The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff for the sum of $946 principal, $222.31 interest, a total sum of $1,168.31. From said judgment the defendants have appealed.

In view of the fact that the trial court has filed his findings of fact, which are not attacked by appellants on this appeal, we set them out in full as follows:

"Findings of Fact.

"(1) That on or about July 24, 1917, defendants contracted in writing with E. H. Stafford Manufacturing Company for the purchase and delivery at Sweetwater, Tex., of certain benches or seating for the Nolan county courthouse at the price of $1,084.40, less freight amounting to $138.40, being net the sum of $946.

"(2) That the benches in question were shipped from Ionia, Mich., and were received by the defendants in Sweetwater, Tex., some time prior to January 1, 1918.

"(3) That promptly after the receipt of said benches the defendants notified E. H. Stafford Manufacturing Company that said benches were not made in compliance with the contract and demanded a rescission thereof.

"(4) That E. H. Stafford Manufacturing Company replied to the effect that they considered the benches in substantial compliance with the contract, refused to agree to said offer or demand of rescission, and insisted upon the defendants accepting said benches and paying the contract price.

"(5) That said benches were set up, or caused to be set up, in the Nolan county courthouse by the defendants, and remained there, and were used there by the defendants for several months under an arrangement with the county officials to use them until the defendants should procure other benches to take their place, and at the end of said period said benches were taken down by the defendants and shipped to Houston and by them placed in a warehouse until thereafter in April, 1920, they were sold and delivered by the defendants to a certain church in Houston, Tex., for an amount in excess of the contract price.

"(6) That the defendants have never paid E. H. Stafford Manufacturing Company the contract price for said benches, or any part thereof, and have never accounted to them for any of the proceeds of the sale of said benches.

"(7) That from the time said benches were received at Sweetwater, Tex., until their sale in about April, 1920, to the church in Houston, they were in the possession of or under the control of the defendants.

"(8) That said benches were not in substantial compliance with the contract.

"(9) That the claim and cause of action of E. H. Stafford Manufacturing Company arising under said contract and sale of said benches has been duly assigned to, and is at the time of the trial owned by, the plaintiff, L. P. Lollar."

While appellants present five assignments and fourteen propositions thereunder, we think the sum and substance of all is that the court erred in rendering judgment for the plaintiff against them, for the reason that the plaintiff's suit is strictly one upon an express contract entered into between the plaintiff's assignor and appellants; that it is shown by the undisputed evidence, as found by the trial court, that the seats sold and shipped by the plaintiff's assignor to appellants were not in substantial compliance with the contract; that, to entitle the plaintiff to a recovery under his pleading, it was incumbent upon him to show that his assignor had performed its part of the contract sued upon.

Appellants' contentions present a correct, abstract proposition of law, but they do not properly present the case as made by the pleadings and proof. The plaintiff alleged not only that his assignor had performed its part of the contract, but he further alleged that after appellants had inspected the seats and had protested that they were not such as they purchased, they did accept them and use them for their own benefit.

Indulging every reasonable intendment in support, of these additional allegations, we think they should be construed to allege that appellants have after such inspection and protest accepted the seats under the contract.

As already shown, the trial court found that the seats were set up by appellants in the courthouse in Nolan county, at Sweetwater, and remained there, and used them for several months, and that thereafter they were taken down by appellants, shipped by them to Houston, Tex., and sold to a certain church for a sum in excess of the contract price.

Under these circumstances we do not think the court erred in rendering judgment for the plaintiff. Parks v. O'Connor, 70 Tex. 377, 8 S. W. 104; Edwards v. Wooldridge, 52 Tex. Civ. App. 512, 115 S. W. 920; Ferguson v. Johnson (Tex. Civ. App.) 205 S. W. 512.

In Parks v. O'Connor, supra, Judge Gaines, speaking for the Supreme Court of this state said:

"When a purchaser under an executory contract for the sale and delivery of personal property inspects the same before delivery, he is estopped to set up that it is not such as the seller has agreed to deliver, so far as all visible defects are concerned. His mere protest, in the face of his acceptance, amounts to nothing. If the property is not such as his contract calls for, he can refuse to receive it, and sue for such damages as he has suffered by the breach of the agreement. He must take the property under the contract or not at all."

And in Edwards v. Wooldridge, supra, it was held that a seller is entitled to recover for goods sold though the buyer notified him that he would not accept the goods on account of defects therein, if he nevertheless accepted them and used them in his business.

It follows from what we have said that we think recovery could be had by the plaintiff under the contract pleaded, and therefore

the two-year statute of limitation pleaded by the defendants is not applicable to the suit as pleaded and proved.

We therefore overrule the first assignment by which it is urged that the court erred in not sustaining defendants' plea of limitation. For the reasons pointed out, the judgment is affirmed.

Affirmed.