**DALTON ADDING MACHINE SALES CO. v. WICKS & CO.    (No. 3206.)**

(Court of Civil Appeals of Texas. Texarkana. March 26, 1926. Rehearing Denied April 1, 1926.)

**1. Appeal and error ⬅⟹842(2)—Error in determining legal effect attaching to special facts on which judgment is based may be reviewed on appeal.**

Error in determining legal effect attaching to special finding of facts on which judgment is based may be reviewed by Court of Civil Appeals, since it is apparent on face of record, and does not involve sufficiency of evidence to support facts.

**2. Appeal and error· ⬅⟹284.**

Motion for new trial is not necessary to authorize appellate court to review question of law timely excepted at trial and apparent in record.

**3. Appeal and error ⬅⟹837(7)—Judgment on appeal can be based in part on special verdict and in part on court's conclusions of fact actually made.**

In action to recover purchase price of adding machine, submitted on special issues, judgment on appeal can be based in part on special verdict and in part on court's conclusions of fact actually made.

**4. Trial ⬅⟹351(2)—Ground of liability or defense, not submitted for special finding, deemed waived only when distinct grounds are pleaded.**

It is only when several distinct grounds of liability or defense are pleaded, and one of grounds is not submitted, that ground not submitted is deemed waived, if there is no request to submit it to jury or court for special findings.

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Sales ⬤⟿106, 126(1).**

Defrauded party, at earliest practicable time after discovering fraud, must elect to perform contract of sale or rescind agreement.

**6. Sales ⬤⟿51, 101, 121.**

Notice of rescission of contract of sale must be adhered to to bind parties, and acts inconsistent with intention of avoidance will have effect of election to affirm agreement.

**7. Sales ⬤⟿176(5)—Use of adding machine by buyer for four months after discovery of fraud precludes right to rescind, though notice of rescission had been given promptly.**

Buyer's continued use of adding machine as its own in its business for four months after discovery of fraud in its sale operates as acceptance of machine as complying with contract, precluding rescission, though notice of rescission had been given promptly.

**8. Trial ⬤⟿365(1)—Special findings by jury of fraud in sale of adding machine become immaterial on issue of fraud being eliminated by court's finding of waiver of right to rescind.**

Special findings by jury of fraudulent representations by seller in sale of adding machine become immaterial, where special findings by court of waiver by buyer of right to rescind for fraud legally eliminated issue of fraud, and required judgment for seller.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by the Dalton Adding Machine Company against Wicks & Co., in which defendant filed a cross-action. From a judgment against plaintiff, and for defendant on the cross-action, plaintiff appeals. Reversed and rendered.

The appellant brought the suit to recover a balance due on the purchase price of an adding calculating machine, and to foreclose a chattel mortgage lien on it. The appellee specially pleaded in avoidance fraudulent representations made by the salesman taking the order that the machine he was selling was a bookkeeping machine, inducing the agreement to buy it, and by cross-action sought a rescission of the contract of purchase and judgment for the amount prepaid on the machine. The appellant in a supplemental petition denied any fraud, and specially pleaded waiver of any right to rescind the agreement by retention and use of the machine by appellee for purposes of its business after full discovery of the alleged fraud.

The case was submitted to a jury on two special issues, viz. First, as to whether or not the alleged false statements were made; second, as to whether the appellee was induced to enter into the contract by reason of such statements. The jury answered both questions favorably to the appellee; that the salesman represented that the machine he was selling was a bookkeeping machine; and that such statement, relied upon as true, influenced and induced the appellee to sign the agreement of purchase. The court, on motion of appellant, and without objection on the part of the appellee, made and filed conclusions of fact on appellant's plea of waiver as follows:

"At the request of the plaintiff in this case, in addition to the findings of the jury in answer to the two special issues submitted to them in this cause, I find the following facts: "That Wicks & Co. and the Dalton Adding Machine Sales Company entered into the written contract as alleged in the plaintiff's petition, and that on or about the 1st day of February, 1922, the machine was delivered to the defendant's place of business, and at said time the agent for the adding machine company demonstrated the machine to the bookkeeper of the defendant company, but that the bookkeeper did not understand the machine. That up until the 1st day of March, 1922, the machine was not used, as the defendant had auditors working on his books to make up his income tax return, and there was no necessity to use the machine as a bookkeeping machine, but that about the 1st of March, 1922, the defendant company did undertake to use the machine as a bookkeeping machine, and ascertained that it was not a bookkeeping machine, and at once so notified the agent of the adding machine sales company, and tendered the machine back to the Dalton Adding Machine Company, but the company paid no attention to their repeated complaints and the tender. That the machine was thereafter used as an adding machine up until about the 1st of July, 1922, when the defendant purchased another make of bookkeeping machine."

The court, upon the facts of the special verdict of the jury, and upon his additional conclusions of fact, made the following conclusion of law:

"From the above facts I conclude as a matter of law that Wicks & Co. did not waive the right to rescind the contract on account of the fraudulent representations, as found by the jury, that were made to induce the sale of the machine."

The court thereupon entered judgment in favor of appellee that the appellant take nothing by the suit except the possession of the adding machine, and on the cross-action for the amount prepaid under the agreement on the purchase price of the machine.

The appellant made objection to the rendition of judgment upon the special verdict, and timely and specially excepted to the court's judgment. Appellant made no motion for new trial. No statement of facts is made a part of the record. The sole ground of complaint on appeal is that the trial court's conclusion of law upon the facts is erroneous. The appellant is not complaining of the verdict of the jury or of the findings of fact made by the trial court. All such facts are taken and accepted as true.

A. T. Carleton and Richard R. Lewis, both of Houston, for appellant.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

E. T. Chew and Bates F. Wilson, both of Houston, for appellee.

LEVY, J. (after stating the facts as above). [1-4] The error for review is that of the purely legal effect attaching to the special facts upon which the judgment was based. We can consider it, since it is apparent upon the face of the record, and in nowise involves the sufficiency of the evidence to support or warrant such facts. A motion for new trial was not necessary in order to authorize the appellate court to review a pure question of law formally and timely excepted in the trial court, and apparent in the record. Craver v. Greer, 179 S. W. 862, 107 Tex. 356. And as applicable to this case a judgment can be based in part upon a special verdict and in part upon the court's conclusions of fact actually made. Arkansas Fertilizer Co. v. City National Bank, 135 S. W. 529, 104 Tex. 187; Cement Co. v. Latta & Happer (Tex. Civ. App.) 193 S. W. at page 1131. The appellant pleaded as against rescission the sole reason of waiver of the right to rescind. The rule is otherwise only when several distinct grounds of liability or defense are pleaded, and one of the grounds is not submitted that the ground not submitted is deemed waived in case there is no request made to submit it to the jury, or to the court for special findings.

Trans Co. v. Winters (Tex. Com. App.) 222 S. W. 541; Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524.

[5-7] In this case the representation was that the machine was mechanically constructed as a bookkeeping machine, to make and enter accounts, and add and subtract credits and debits. It is deemed to be the duty of the defrauded party at the earliest practicable time after discovering the fraud to elect whether he will perform the contract of sale or rescind the agreement. The notice of rescission must not only be promptly given, but such rescission must be adhered to in order to bind the parties; otherwise the acts, being inconsistent with any intention of avoidance would have the effect of an election to affirm the agreement. Bank v. Warner (Tex. Civ. App.) 31 S. W. 239. Waiving the right to rescind has the meaning of tending to perform the contract. The appellee here discovered "about the 1st day of March, 1922," while the machine was in their actual possession, that "it was not a bookkeeping machine." Thereupon "at once" the appel-lee notified the appellant that it would not perform the agreement to purchase it, and "tendered the machine back" to the appellant. If the facts had rested there, in view of the special findings of the jury, the judgment of the court would have been legally right, for the appellee would have been entitled to relief by rescission on the ground of false representations. But the further facts cannot be put aside that, although the appellee notified the appellant that the machine was not the machine agreed to be sold, and offered to send it back, nevertheless the appellee thereafter used the machine as their own in their business "up until about July 1, 1922, when the defendant purchased another make of bookkeeping machine." The "appellant paid no attention to their repeated complaints and the tender," and therefore it did not take the machine away, and the appellee did not ship or return it to appellant, but used it as their own. Hence, although the appellee may have in the first instance given prompt notice of rescission, it did not adhere thereto. Appellee's continued use of the machine as its own in its business for some four months after appellee had learned the true facts would operate as an acceptance of the machine as a compliance with the contract, and fatal to the right to rescind, even though notice of rescission had been given previously. Car Co. v. Brashear (Tex. Civ. App.) 158 S. W. 233; Motor Co. v. White (Tex. Civ. App.) 239 S. W. 329; Cash Register Co. v. Berry, 80 S. W. 857, 35 Tex. Civ. App. 554; Edwards v. Wooldridge, 115 S. W. 920, 52 Tex. Civ. App. 512; Engine Co. v. Adams & Peters (Tex. Civ. App.) 169 S. W. 1143.

[8] The special findings of the jury on fraud become immaterial, since the special findings by the court of waiver legally eliminated the issue embodied in such special findings of the jury. Hill v. Hoeldtke, 142 S. W. 871, 104 Tex. 594, 40 L. R. A. (N. S.) 672. Therefore, as a matter of law, appearing on the face of the record, the court's findings on a matter pleaded required a judgment to be entered for the appellant, and it was error not to do so. Accordingly the judgment is reversed, and judgment is here rendered for appellant for the amount sued for, with the foreclosure of the chattel mortgage lien on the property described, and in denial of any recovery by appellee in its cross-action; the appellee to pay costs of trial court and of appeal.