J. C. POWELL ET UX. V. LILLIAN ROCKOW ET VIR.

No. 6528. Decided April 8, 1936.
(92 S. W., 2d Series, 437.)

*E. B. Simmons* and *T. H. Ridgeway,* both of San Antonio, for plaintiff in error.

Having discovered the alleged fraud within a few days after the contract was made and having thereafter retained possession and operation of the hotel for nearly a year before they sought a rescission of the contract and tendered back this hotel and its furnishings, the defendants in error are precluded from rescinding the contract. Moore v. Ritter, 1 S. W. (2d) 331; Wolff v. Cohen, 281 S. W., 646; Mills Novelty Co. v. Spurdis, 29 S. W. (2d) 893.

*T. J. Newton* and *J. M. Woods,* both of San Antonio, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The Powells, (husband and wife), operated the Angelus Hotel in San Antonio as lessees under a lease expiring February 1, 1931. They owned the furniture and furnishings used in the operation of the hotel. On January 29, 1930, they sold their lease, good will, furniture and furnishings to the Rockows, (husband and wife), for a total consideration of $4000, $1500 in cash and the balance in a note to be paid in monthly installments of $50.00 or more, and secured by a chattel mortgage on the furniture and furnishings. Under the contract the Rockows were to pay the rent monthly to the landlord, but the Powells were not relieved of their legal liability therefor. Four monthly installments of $50.00 each were paid on the note, reducing the principal thereof to $2300, after which this suit was instituted by the Rockows for the cancellation of the note for fraud and the recovery of $1700, the amount paid by them in

cash. In the trial court judgment was rendered in their favor against the Powells for $1700, and for the cancellation of the note and mortgage. An equitable lien was established upon the property described in the mortgage to secure the payment of the judgment for $1700, with interest, and foreclosure of that lien was decreed. The Powells by cross action declared upon their note, but were denied any recovery thereon. That judgment was affirmed by the Court of Civil Appeals. 58 S. W. (2d) 536.

■ Many questions are presented in the application, but, under our view of what we deem to be the controlling question, we do not find it necessary to discuss them. A proper application of the equitable maxim, "He who seeks equity must do equity," effectively bars the right of the Rockows to a cancellation. The jury found that the Powells represented to the Rockows that the hotel bore a good reputation, that it had a lucrative patronage, that its patrons were of good reputation, and that, if the Rockows would purchase same and operate it, they could earn for themselves a comfortable living and, in addition, could save enough in two years from its operation to pay off the $2500 note. It further found that the representations were false and that they were relied upon. Within less than four months after they took possession of the hotel and began to operate same, the Rockows discovered, according to their own pleadings and testimony, that it had a bad name and its patrons were not high class people. They do not in their petition offer to do equity, but they do allege that, within a reasonable time after learning of the fraud, and on or about the 10th day of April, 1930, they disaffirmed the sale and tendered to the Powells a bill of sale and possession of the hotel, with its furniture and furnishings, and demanded a return of the $1700 and a cancellation of the note and chattel mortgage. No proof was made of that fact, but, even if it had been established, the undisputed evidence discloses a course of conduct subsequent thereto which renders the relief of cancellation unavailable. The lease which they purchased from the Powells expired by its terms on February 1, 1931. They went into possession of the hotel in virtue of their purchase of that lease and continued to enjoy the privileges thereunder until its expiration. Thereafter they became tenants of the owner of the building, and, to the day of the trial, August 24, 1931, they were still operating the same hotel and still using the furniture and furnishings which they had purchased from the Powells. Mrs. Rockow testified that she

was willing to turn this property back to the Powells if they would cancel the note and refund the $1700.

In the case of J. B. Colt & Co. v. Head (Com. App.), 292 S. W., 198, it was held that the buyer's continued use of property, after discovering the seller's fraud inducing its purchase, and after the buyer had repudiated the contract and tendered back the property, barred his right of rescission as a matter of law. That opinion quotes with approval the following language from Dalton Adding Machine Sales Co. v. Wicks & Co., 283 S. W., 642:

" '* * Appellee's continued use of the machine as its own in its business for some four months after appellee had learned the true facts would operate as an acceptance of the machine as a compliance with the contract, and fatal to the right to rescind, even though notice of rescission had been given previously. Car Co. v. Brashear (Tex. Civ. App.), 158 S. W., 233; Motor Co. v. White (Tex. Civ. App.), 239 S. W., 329; Cash Register Co. v. Berry, 35 Tex. Civ. App., 554, 80 S. W., 857; Edwards v. Wooldridge, 52 Tex. Civ. App., 512, 115 S. W., 920; Engine Co. v. Adams & Peters (Tex. Civ. App.), 169 S. W., 1143.' "

The same rule of law was recognized in Patterson v. Yellow Cab Mfg. Co., 298 S. W., 918. It would be manifestly inequitable to permit the Rockows to enjoy the privileges of the lease until it had expired and to use the furniture and furnishings for more than a year after the discovery of the fraud and then have the contract cancelled. If they did, as alleged, tender it back to the Powells in April, 1930, then it was no longer theirs for any purpose, and their continued use thereof was wholly inconsistent with any other claim than that they expected to pay for it in accordance with the terms of the contract.

As we understand the opinion of the Court of Civil Appeals, it holds that the burden was upon the sellers to allege and prove that the buyers were not entitled to the equitable relief of cancellation, and that a general denial did not put the question in issue. With that conclusion we cannot agree. The burden is upon one seeking to have a contract cancelled to establish that he is equitably entitled to that relief. Adams v. Hill, 149 S. W., 349 (writ ref.).

■ The Rockows came into a court asking it to undo their contract. In order to be entitled to that relief it was not enough that they merely establish fraud, but the burden was upon them to disclose a situation that made it not inequitable to grant

it. This principle is well established. Maverick v. Perez (Com. App.), 228 S. W., 148, and authorities therein cited.

█ The Powells sought judgment on their note by cross action filed in the trial court. The note is not copied in the statement of facts. It is not made to appear whether or not Mrs. Rockow, a married woman, could be held liable thereon. This note is secured by a mortgage which is not copied in the record. In short, the record does not afford a basis for the rendition of a judgment in this court. It is therefore our order that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded.

Opinion adopted by the Supreme Court April 8, 1936.