## HATCH v. NATIONAL CASH REGISTER CORPORATION.

### No. 10059.

Court of Civil Appeals of Texas. San Antonio.

May 26, 1937.

Raymond, Algee & Alvarado, of Laredo, for appellant.

N. A. Rector, of Laredo, for appellee.

SLATTON, Justice.

Appellee, National Cash Register Corporation, filed suit in Webb county to recover on a promissory note executed by appellant, A. C. Hatch. The note and contract were executed by A. C. Hatch as a part of the purchase price for a cash register sold by the National Cash Register Corporation to appellant.

The suit was filed August 13, 1935, and citation was issued and served upon Hatch upon the same date. Appellant, Hatch, by his first amended original answer, filed on the 12th day of March, 1936, defended against the note in contract alleging false and fraudulent representations on the part of appellee's salesman, which induced the execution of the contract and note in suit.

The trial was to a jury and after the close of the evidence the trial court, upon his own motion, took the case from the jury and rendered judgment for the appellee upon the note sued on and foreclosing the lien of appellee upon the cash register. Hatch, being

dissatisfied with the judgment, duly prosecuted his appeal.

It appears without dispute that the note sued on was executed by A. C. Hatch together with a contract giving appellee the vendor's lien upon the cash register. Appellant, by his pleading, alleged that appellee, through its salesman, represented that the corporation would open and maintain in Laredo, Tex., a branch office where cash registers such as was delivered to appellant could be serviced by a trained mechanic working in said branch office; that the appellee fraudulently promised to furnish appellant with printed literature commonly known as "free-day" literature, which consisted of advertising that would be conducive to increasing the business of the purchaser of said cash register; that it was represented that the machine would issue receipts to customers, which would be used in connection with the "free-day" literature; that the material for the receipts would be furnished at a price of 28 cents per roll; and that in truth and in fact the cash register would not issue such receipts, and the company charged 90 cents per roll instead of 28 cents per roll, as represented.

When we construe the testimony in the most favorable light to appellant, as under the well-established rules we must, it is clear that the salesman did promise, or at least make the statement, that his company intended to establish a branch office in the town of Laredo, and that from the time of the purchase of the machine, in 1934, up until the time of the trial the appellee had not established a branch office in the city of Laredo. It appears that the appellant only used the "free-day" plan one time, and that was in the month of January, 1935, and that the appellee never furnished any "free-day" literature. The appellant testified that the cash register issued receipts up until some time during the month of February, 1935; and further testified that up until the time of the trial he was still using the cash register in his business as a money drawer. On January 26, 1935, the appellant ordered, from the district office of the appellee in the city of San Antonio, some of the rolls of paper used for the purpose of issuing these receipts and the same were billed to appellant, cash on delivery, at about 28 cents per roll.

The appellant presents five propositions of law for his right to a reversal of the judgment entered by the trial court. From the view we take of the case, it is un-

necessary to discuss all of them. We take it to be settled law in this state that where one is seeking to have a contract canceled the burden is upon him to establish that he is equitably entitled to that relief. Here the appellant entered into a contract in the latter part of the year, 1934, and seeks to rescind that contract on the ground of fraudulent representations on the part of appellee's salesman; and at the time of the trial, in 1936, he was using the cash register, while he learned of all of the fraudulent conduct as alleged and testified to herein as early as in the month of February, 1935.

In the case of J. B. Colt Company v. Head (Tex.Com.App.) 292 S.W. 198, 199, it was held that the buyer's continued use of property after discovering the seller's fraud inducing its purchase, and after the buyer had repudiated the contract and tendered back the property, barred his right to rescission as a matter of law. That opinion quotes with approval the following language from Dalton Adding Machine Sales Co. v. Wicks & Co. (Tex.Civ.App.) 283 S.W. 642: "Appellee's continued use of the machine as its own in its business for some four months after appellee had learned the true facts would operate as an acceptance of the machine as a compliance with the contract, and fatal to the right to rescind, even though notice of rescission had been given previously. Houston Motor Car Co. v. Brashear (Tex.Civ.App.) 158 S.W. 233; Sessums Motor Co. v. White (Tex.Civ.App.) 239 S.W. 329; Hallwood Cash Register Co. v. Berry, 35 Tex.Civ.App. 554, 80 S.W. 857; Edwards v. Wooldridge, 52 Tex.Civ. App. 512, 115 S.W. 920; Southern Gas & Gasoline Engine Co. v. Adams & Peters (Tex.Civ.App.) 169 S.W. 1143."

The appellant claims that laches being an equitable remedy must be pleaded to be available as an estoppel in an action to rescind, and that a party relying on laches prior to the expiration of the statutory period of limitation must plead and prove extraordinary circumstances which would cause grave injustice in the event of a rescission.

The same contention was made, and overruled by our Supreme Court, through Section A of the Commission of Appeals, in Powell v. Rockow, 92 S.W.(2d) 437, 439, in this language: "As we understand the opinion of the Court of Civil Appeals [58 S.W.(2d) 536], it holds that the burden was upon the sellers to allege and prove that

the buyers were not entitled to the equitable relief of cancellation, and that a general denial did not put the question in issue. With that conclusion we cannot agree. The burden is upon one seeking to have a contract canceled to establish that he is equitably entitled to that relief. Adams v. Hill (Tex.Civ.App.) 149 S.W. 349 (writ refused)."

■ The evidence offered on the part of the appellant upon which he sought a rescission of the note and contract sued on, construed in its most favorable light, was insufficient to entitle the appellant to a rescission of the contract and cancellation of the note. The trial court did not err in taking the case from the jury.

All propositions raised by the appellant have been considered and are overruled.

The judgment of the trial court is correct and it is therefore affirmed.