# FEBRUARY, 1943

MRS. IDA ROSENBAUM, ET VIR. V. TEXAS BUILDING & MORTGAGE COMPANY, ET AL.

No. 7987. Decided January 6, 1943.
Rehearing overruled February 3, 1943.
(167 S. W., 2d Series, 506.)

*W. Gordon Vaughan* and *Price E. Holmes,* both of Houston, for petitioners.

*Edgar C. H. Soule,* of Houston, for respondents.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Petitioner, Mrs. Ida Rosenbaum, joined pro forma by her husband, F. W. Rosenbaum, brought this suit to rescind a con-

tract theretofore entered into by and between her and the respondents on the ground that same was induced by fraud and also to cancel a note executed by her and her husband. The contract was for the sale by the respondents to Mrs. Rosenbaum of certain stocks and bonds of the respondent, Texas Building and Mortgage Company. As a part of the consideration for such stock and bonds a note for $2,500.00 was executed by Mr. and Mrs. Rosenbaum and later payments were made thereon. The relief sought was a rescission of the contract of sale, a cancellation of the note, a recovery of money paid pursuant to the contract and exemplary damages. In the trial court judgment ran in favor of Mrs. Rosenbaum as prayed for except that there was no recovery of exemplary damages. Upon appeal the Court of Civil Appeals upon original hearing affirmed the trial court's judgment, but upon rehearing reversed that judgment and remanded the cause for a new trial upon the ground that Mrs. Rosenbaum could not prosecute the suit without the joinder of her husband therein as a real party and his joinder pro forma was not sufficient. The court further held that the question was raised by a general demurrer.

■ This court will affirm the judgment of the Court of Civil Appeals if that judgment, in its opinion, is correct upon any theory properly presented therein. We have examined the brief in the Court of Civil Appeals filed by the respondents, who were appellants in that court, and have concluded that the judgment of reversal and remand is clearly a correct one upon a ground later to be discussed. We have further concluded that such ground should be discussed by us for the guidance of the parties and the court upon another trial, and that, for reasons later set forth herein, the question upon which the Court of Civil Appeals based its judgment on rehearing need not be decided. We, therefore, base our judgment upon the ground next to be discussed.

In answer to a special issue the jury found that petitioner, Mrs. Rosenbaum, discovered the falsity of the representations made to her on June 13, 1938. She filed this suit on September 8, 1938. On July 21, 1938, after she had discovered the fraud, but before she instituted this suit, she received from respondent, Texas Building & Mortgage Company, a check for $150.00, which was a semi-annual payment of interest on the bonds purchased by her, cashed same and appropriated the proceeds

thereof to her own use. That unquestionably was a positive act of ratification of the contract.

The record further reflects that after this suit was instituted Mrs. Rosenbaum sought and procured a series of orders in the nature of injunctions against the respondents. The applications for such injunctions were verified by her attorney, but there is no question as to his authority to represent her in the premises. The first of these injunctions was issued October 6, 1938, and, in effect, it commanded the respondents to desist and refrain from withdrawing any money or other articles of property from the Citizens State Bank of Houston and from disposing of any of the assets of Texas Building & Mortgage Company.

Thereafter, on January 12, 1939, another order was issued commanding respondent, Miller, to open the safe of the mortgage company and its safety deposit box, vault or boxes in the Citizens State Bank of Houston and remove therefrom the contents thereof in the presence of the constable of Precinct No. one of Harris County and petitioner's attorney. That order was issued upon a petition verified by petitioner's attorney alleging that petitioner was a stockholder in said corporation. We quote the following from such petition: "Plaintiff says that, being a stockholder in said corporation, she desires to examine the books and records of the corporation * * *." There after, on January 19, 1939, upon another petition verified by petitioner's attorney, in which the allegation was made that "plaintiff says that, being a stockholder in said corporation, she desires to examine the books and records of the corporation * * *," another injunction was issued ordering and directing that the constable of Precinct No. one of Harris County be permitted to open the safety deposit boxes of respondents in the said bank in the presence of respondent's attorney and commanding such constable to remove the contents thereof and return same "after an audit has been made of all books and records found therein." The bank was ordered to allow such constable to open said safety deposit boxes and withdraw the contents thereof for the purpose of making such audit. Following the order last above mentioned there appears in the transcript an undated order to the effect that the sheriff or any constable of Harris County seal the safe of the mortgage company, and that such safe remain sealed and locked during the pendency of this cause.

On February 10, 1939, another order was entered against A. V. Pace in his capacity as Vice-President of the above men-

tioned bank commanding him to permit said constable to open the safety deposit boxes of the mortgage company in said bank on February 11, 1939, at twelve o'clock noon in the presence of petitioner's attorney. It was further ordered that such constable, upon opening said boxes and examining the contents thereof in the presence of petitioner's attorney and said Pace, shall cause to be made a detailed list of the contents thereof. On November 14, 1939, an order was entered dissolving the above mentioned injunctions and orders and other orders which had theretofore been issued. Such order of dissolution was entered upon the approval by the Court of a bond executed by respondents conditioned that they would pay off and discharge such final judgment as might be rendered in favor of the petitioner herein.

■ The principle of law applicable to the foregoing facts is well established. It is, in effect, that, if a person who is induced by fraud to enter into a contract continues to receive benefits under the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such manner as to recognize the contract as subsisting and binding, he thereby affirms the contract and waives his right of rescission. An express ratification is not necessary; any act based upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it has the effect of waiving the right of rescission. Grabenheimer v. L. & H. Blum, 63 Texas 369; J. B. Colt Co. v. Head, (Com. App.) 292 S. W. 198; Powell v. Rockow, 127 Texas 209, 92 S. W. (2d) 437; Hatch v. National Cash Register Corp., 105 S. W. (2d) 111; 12 C. J. S., Cancellation of Instruments, Sec. 38; 8 Am. Jur., Cancellation of Instruments, Sec. 46.

By accepting and appropriating the $150.00 paid to her as interest on the bonds with full knowledge of the facts upon which she bases her cause of action for fraud, and later by procuring relief to which she would not have been entitled but for her allegation under the oath of her attorney that she was a stockholder in the respondent corporation, the petitioner clearly waived her right to have the contract rescinded. Upon another trial the pleadings should be recast and the case tried as an action for damages.

■■ As noted above, the Court of Civil Appeals, on rehearing, reversed the judgment of the trial court and remanded the cause

upon its holding that Mrs. Rosenbaum could not maintain the suit without the joinder therein by her husband as a real party, and that the question was raised by a general demurrer. The Court of Civil Appeals, in making that holding based same upon the conclusion that the suit was for the benefit of the separate estate of Mrs. Rosenbaum. As we view the record, the suit in greater part was clearly for the benefit of the community. As noted above, as part of the consideration for the purchase of the stock and bonds, a note for $2,500.00 was executed by both Mr. and Mrs. Rosenbaum. That note was an obligation of the community, and, to the extent and in the proportion that it represented the consideration for the purchase, the stock and bonds became community property. Gleich v. Bongio, 128 Texas 606, 99 S. W. (2d) 881. A portion of the relief sought in the case was the cancellation of that note of the community. Clearly that portion of the suit was in behalf of the community. Besides, the petition sought exemplary damages in the sum of $5,000.00. Such damages, if recovered, would have belonged to the community. The question of practice thus presented was whether the error of the joinder by the husband with the wife in a suit for the benefit of the community as a formal party only was reached by a general demurrer. There seems to be some conflict in the decisions upon the question. A determination thereof at this time would have no value as a precedent. By rule 90 of the Texas Rules of Civil Procedure general demurrers have been abolished. The question will therefore not arise in future litigation in other cases. In the instant case a new trial will be ordered on the ground above discussed, the pleadings of the petitioners will be recast, and the husband will doubtless take over the litigation.

The judgment of the Court of Civil Appeals, which reversed the trial court's judgment and remanded the case thereto, will be affirmed, but upon another trial the court will be guided by this opinion.

Opinion adopted by the Supreme Court January 6, 1943.

Rehearing overruled February 3, 1943.