Everett C. GASTON, Appellant,

v.

L. R. COPELAND, Appellee.

No. 6950.

Court of Civil Appeals of Texas.

Amarillo.

April 11, 1960.

Rehearing Denied May 16, 1960.

CHAPMAN, Justice.

This is a summary judgment case. Everett C. Gaston, appellant, filed suit against L. R. Copeland, appellee, to set aside a deed on alleged grounds of mental incompetence and undue influence. Appellee, defendant below, filed his Motion and Supplementary Motion for Summary Judgment and upon the hearing thereof introduced into evidence as part of the summary judgment record the deed in question; a transfer and assignment by appellant to The Federal Land Bank of Houston of a loan on the land in question; a renewal deed of Trust from appellee and wife to The Federal Land Bank of Houston; appellant's Second Original Amended Petition and particularly the first sentence of paragraph 6 thereof in which he alleged: "Defendant, Federal Land Bank of Houston, holds a valid vendor's lien against the said real estate, said lien being assigned to them by plaintiff and such assignment is hereby confirmed, ratified and admitted;" appellant's Third Amended Petition in its entirety, including the signature and the file mark and particularly the same statement as that just quoted as the first sentence of paragraph 6 in the Second Original Petition; the oral depositions of appellant and his wife; and the requests for admissions made to appellant and his reply thereto.

In opposition to the summary judgment evidence just described appellant relied upon a pleading sworn to by his attorney and the following affidavit of appellant's daughter, Ada Louise Jordan:

"That she is the daughter of Everett C. Gaston; that the said Everett C. Gaston suffered a mental illness commencing in an acute stage shortly after January 1, 1957, and continuing until the month of September or October, 1958, further your affiant sayeth not."

Frank P. Dove, Panhandle, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

Appeal is brought forward upon ten points which, when summed up, only assert the pleadings of appellant and the affidavit just quoted raise a genuine fact issue as to

whether appellant ratified the deed in question at a time when he was of sound mind.

There is no doubt in the record but that a genuine fact issue was raised by summary judgment evidence upon the question of appellant's mental condition at the time of the execution of the deed. The deposition of the psychiatrist, Dr. Howard C. Reid, who treated appellant during his illness, raises such question and appellee so admits by brief. However, the record with respect to appellant's mental condition subsequent to his release from the hospital on August 2, 1957, presents an altogether different situation.

Dr. Reid testified in effect that during all the time from the middle of September, 1957, until the time the deposition was taken on February 25, 1959, appellant was of sound mind. Appellant in his deposition testified there was not any time during September, October, November and December, 1957, nor anytime in 1958 when he was not capable of managing his own affairs. He also testified that he learned the first part of August, 1957 that they had sold the place in controversy and were living in town. These facts were corroborated by appellant's wife in her deposition.

It is admitted by appellee that the question of appellant's mental condition at the time of the execution of the deed in question could not have been dealt with on motion for summary judgment because a fact question was clearly raised by the deposition of Dr. Reid introduced into evidence. Appellee seeks to sustain the trial court's judgment upon the grounds that the deed was only voidable and not void and hence subject to be ratified; that all admissible evidence showed appellant's mental incompetence ended not later than the fall of 1957; that after the period of mental incompetence or undue influence appellant's condition showed a consistent intention to affirm and ratify the sale; that by his pleadings filed appellant expressly ratified the sale and having ratified and affirmed the deed at a time when he was fully competent to do so it does not lie within his power to subsequently disaffirm and set aside the deed.

The first question we believe necessary for us to decide is whether the affidavit of Ada Louise Jordan raised a fact issue of the mental incompetence of appellant from the time the deed was made until September or October, 1958. We believe it did if the wording therein was such that if given on the witness stand it would have been admissible as evidence. In a very late expression of the Supreme Court of Texas in Tobin v. Garcia, 316 S.W.2d 396, 399, that court has held: "The summary judgment rule, Rule 166–A, Texas Rules of Civil Procedure, provides that affidavits must be made by competent affiants with personal knowledge of the statements in them, which statements must be so worded that if given on the witness stand they would be admissible as evidence."

When this rule is applied to the affidavit in question we have to say it would not have been admissible in evidence. In the first place the question of whether a person is mentally ill is a medical question and if based on what a doctor told the affiant would be hearsay. Secondly, the affidavit does not show that the affiant had the opportunity to observe the actions, conduct, statements, disposition or peculiarities upon which her conclusions of mental incompetence were based. Under the holding of the Supreme Court in the early case of Brown v. Mitchell et al., 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64 the affidavit would not have met the test for summary judgment evidence laid down in Tobin v. Garcia, supra. See also Springer et al. v. Strahan et al., Tex.Civ.App., 180 S.W.2d 654 and the cases therein cited and Whatley v. McKanna et al., Tex.Civ.App., 207 S.W.2d 645. If the affidavit in the form made and through the wording used was not admissible in evidence obviously it could not raise a fact issue in the case.

We now pass to the question of ratification. At an early date in the juris-

prudence of this state our Supreme Court announced the following rules with respect to a contract entered into at a time when the person seeking to set it aside was mentally incompetent:

"Contracts only voidable are only obligatory until in some manner repudiated or annulled, and may, at any time, be ratified, and thereby the right to annul them be lost. * * * Consent to be bound by a contract only voidable is ratification, however that consent may be shown. Ratification of a voidable contract once made cannot be recalled." Missouri Pac. Ry. Co. et al. v. Brazil, 72 Tex. 233, 10 S.W. 403, 406.

■ We believe it is the settled law in this state that a contract of an insane person is not void but only voidable. In Neill et al. v. Pure Oil Company et al., Tex. Civ.App., 101 S.W.2d 402, Syl. (1, 2) page 404 (writ refused) the court said:

"It is the settled law in this state, we think, that a deed executed by a person of unsound mind is not void but voidable, 24 Tex.Jur. 380, 383; E. J. Williams, G'd'n, v. Louis Sapieha, 94 Tex. 430, 61 S.W. 115; First Nat. Bank of Navasota v. McGinty et al., 29 Tex.Civ. App. 539, 69 S.W. 495; Newman v. Taylor (Tex.Civ.App.) 122 S.W. 425; Vogel v. Zuercher et al. (Tex.Civ. App.) 135 S.W. 737; Westbrook v. Adams (Tex.Civ.App.) 17 S.W.2d 116; Murphy v. Johnson (Tex.Civ.App.) 54 S.W.2d 158; Owen et al. v. Free et al. (Tex.Civ.App.) 85 S.W.2d 1090."

■ We also believe that where the evidence showing ratification is without dispute the issue of ratification may be determined as a matter of law. Indemnity Ins. Co. of North America v. Kelley, Tex. Civ.App., 76 S.W.2d 809; Rosenbaum et al. v. Texas Bldg. & Mortg. Co. et al., 140 Tex. 325, 167 S.W.2d 506; Payne et ux. v. Baldock et al., Tex.Civ.App., 287 S.W.2d

507; Powell et ux. v. Rockow et al., 127 Tex. 209, 92 S.W.2d 437.

It is true that in some of the cases just cited the claim of a right to rescind was founded on fraud rather than mental incompetence but we perceive no reason why there should be any different rule between the two types of cases concerning the quantum of proof necessary to establish ratification as a matter of law.

■ We must now decide if the record shows affirmance and ratification as a matter of law. In requests for admissions appellant admitted there was not anytime in 1958 when he was incapable of managing his own affairs. The psychiatrist who treated him testified by deposition that appellant's recuperative period was behind him by the middle of September, 1957, and there had been no recurrence of illness from that time to the date of the deposition. It would extend this opinion to unnecessary length to relate in detail the answers to the 130 questions propounded to appellant in the requests for admissions but they definitely establish the fact that he used the money from the sale for living expenses and for acquiring a new business which he was operating as late as February, 1959. He had personal conversations with appellee in which he did not challenge but on the contrary recognized appellee's ownership of the property in question. In his income tax return for 1957 made in 1958 he computed his profit on the sale and took advantage of the capital gains provisions of the Internal Revenue Code. Then, even after the suit was filed he expressly ratified and affirmed his assignment to the Federal Land Bank of Houston of a vendor's lien on the property even though only as his deed was valid could there exist a vendor's lien to be assigned. He dealt with appellee as owner of the property by joining him in an oil and gas lease rental division order, and plowed, sowed, and harrowed the very land in question and accepted several hundred

dollars wages therefor following the period in which Dr. Reid testified he had recovered his mental capacity. Additionally, in two sets of pleadings which preceded the one on which he went to trial the vendor's lien appellant took on the property and assigned to the Federal Land Bank was admitted, ratified and confirmed.

By the summary judgment evidence just outlined appellee established facts which, if proven upon a trial on the merits of the case, should have entitled him to an instructed verdict. Under such state of the record he was entitled to summary judgment unless appellant showed evidentiary data which would have raised a material fact issue or justified his inability to do so and sought appropriate relief under Subdivision (f) of Rule 166-A. Gulf, Colorado & Santa Fe Railway Co. v. McBride et al., Tex.Sup., 322 S.W.2d 492. This he failed to do. As heretofore stated the affidavit was not sufficient for introduction into evidence. It is true the pleadings upon which he went to trial were sworn to by appellant's attorney but under the authority of Tobin v. Garcia, supra, they did not constitute any evidence upon which to raise a material fact issue because they did not show the attorney would be a competent affiant upon the statements made in such pleadings. Since they would, therefore, carry the weight only of unsworn pleadings they did not raise a material fact issue. Schepps v. American District Telegraph Co. of Texas, Tex.Civ.App., 286 S.W. 2d 684; Aydelotte v. Anderson, Tex.Civ. App., 280 S.W.2d 945; Reese v. Davitte et al., Tex.Civ.App., 255 S.W.2d 1015; Robinson v. City of Hereford, Tex.Civ.App., 324 S.W.2d 313; Sandone v. Dallas Osteopathic Hospital, Tex.Civ.App., 331 S.W.2d 476.

Accordingly, the judgment of the trial court is affirmed.