**Affirmed and Opinion Filed December 4, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01477-CV

### JAMES DAVID HORTON AND JEFFREY HORTON, Appellants
### V.
### KIMBERLY A. STOVALL INDIVIDUALLY, AND STOVALL & ASSOCIATES, P.C., Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-04197-J**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Stoddart
Opinion by Justice Francis

James David Horton and his son, Jeffrey, sued their former attorney, Kimberly A. Stovall and Stovall & Associates, P.C., in connection with her representation of them in a personal injury suit. After the trial court granted appellees a take-nothing summary judgment, the Hortons appealed. We affirm.

In December 2006, James was severely injured when the front "pop-out" access panel on a custom-made kitchen cabinet fell on his head. In June 2008, he met with Stovall and hired her to represent him in his lawsuit against the cabinet manufacturer. The two signed a contingency fee agreement in which James agreed to pay her 33 1/3% of his total recovery but struck through the language providing for a 40% contingency fee if the case was resolved after filing suit. In December 2010, Stovall filed suit on behalf of James, his wife, and their four children. The case

went to trial in August 2011. The jury found the cabinet had been defectively designed and manufactured and awarded James and his family $13.556 million.

Prior to November 2011, Stovall showed James a new contract signed by James, his wife, and Stovall that provided for attorney's fees of 50% "if the case is resolved after a jury verdict." According to James, when he questioned the legitimacy of this contract, Stovall assured him the 33 1/3% contract was "a figment of [his] imagination" and asked him to produce it. But James could not find it.

In January 2012, the cabinet manufacturer and the Hortons settled for more than $8 million. The Hortons signed the compromise settlement agreement that paid approximately 40% of the total settlement to appellees and directed the remaining funds be placed in the Horton Family Qualified Settlement Fund (HFQSF). They also signed a Rule 11 agreement directing appellees to receive an additional $1,122,003.20 out of the HFQSF and approved, in both form and content, the trial court's agreed order distributing the funds in accordance with the Rule 11 agreement. Stovall's fee was consistent with the 50% contingency fee contract. Sometime later, James said he found the 33 1/3% fee contract that he and Stovall signed in a dresser at his house.

In April 2013, James sued Stovall for breach of fiduciary duty, violations of the Texas Deceptive Trade Practices Act, unjust enrichment, common law fraud, and intentional infliction of emotional distress. In his petition, he alleged he had signed (but later misplaced) the original June 2008 fee contract promising to pay Stovall 33 1/3% of his total recovery. He asserted Stovall fabricated the other contract authorizing payment to Stovall of 50% of the total recovery if the case was resolved after the filing of a lawsuit. Stovall filed a general denial and pleaded the affirmative defense of ratification. She then filed a motion for traditional summary judgment, asserting James ratified the 50% fee contract when he signed the settlement agreement, the Rule 11 agreement, and the agreed order distributing the funds. Jeffrey

intervened and, along with James, filed a response to the motion for summary judgment. The trial court granted summary judgment in favor of appellees.

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). For defendants to prevail on a traditional motion for summary judgment, they must either disprove at least one element of each of the plaintiffs' claims as a matter of law or conclusively establish all elements of an affirmative defense to the claims. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996). If the defendants' motion and evidence facially establish their right to judgment as a matter of law, the burden then shifts to the nonmovants to raise a genuine issue of material fact sufficient to defeat the summary judgment. *Wilbert Family Ltd. P'ship v. Dallas Area Rapid Transit*, 371 S.W.3d 506, 510 (Tex. App.—Dallas 2012, pet. dism'd). When reviewing a motion for summary judgment, the court takes the nonmovants' evidence as true, indulges every reasonable inference in favor of the nonmovants, and resolves all doubts in the their favor. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

In their third issue, appellants claim appellees produced no admissible evidence to support the motion for summary judgment. In particular, they contend appellees "failed to include any affidavit" or "to attach properly authenticated documents to an affidavit." They contend appellees did not otherwise authenticate the summary judgment evidence. Appellants concede they did not object to any of the exhibits but claim they may raise issues of substance for the first time on appeal. Assuming they may, we nevertheless conclude their complaints lack merit.

Rule 166a(a) provides a party may "move with or without supporting affidavits for a summary judgment in his favor." *See* TEX. R. CIV. P. 166a(a). Summary judgment "shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery

responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing" show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). Deposition excerpts submitted as summary judgment evidence are not required to be authenticated. *McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex. 1994) (per curiam).

Appellees filed eight exhibits in support of their motion for summary judgment. Contrary to appellants' assertion otherwise, these exhibits included the sworn affidavit of Kim LeGrand (formerly Kim Horton). In her affidavit, Kim LeGrand attests both she and James signed the January 2009 50% fee agreement, attached as exhibit A. Appellants did not raise any specific objections to this affidavit or exhibit below, and they do not specifically complain about it on appeal.

Of the remaining exhibits, the two excerpts of deposition testimony given by James and his son, Jeffrey, are proper summary judgment evidence. *See McConathy*, 869 S.W.2d at 342. Three others are copies of the Rule 11 agreement, the settlement agreement with the manufacturer, and the order of disbursement of funds, all of which are self-authenticating. *See* TEX. R. EVID. 902(4), (8); *see United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam) (holding there is no difference between standards for evidence admissible in summary judgment proceeding and those applicable at regular trial).

The remaining exhibit is a copy of the jury verdict. Appellees concede this document was not authenticated but argue they did not rely on it in support of their motion for summary judgment. Appellants do not argue the document was necessary to the trial court's decision. Having reviewed the record, we conclude it was not necessary and disregard it for purposes of

our review. The remaining seven exhibits, however, were proper summary judgment evidence. We overrule appellants' third issue.

In their first and second issues, appellants contend the trial court erred by granting summary judgment for two reasons. First, they argue that, for appellees to prevail on summary judgment, they had to admit they perpetrated a fraud and appellees failed to make such an admission. Second, appellants contend they controverted the issue of ratification. Neither argument has merit.

Ratification is the adoption or confirmation, by one with knowledge of all material facts, of a prior act that did not then legally bind that person and which that person had a right to repudiate. *Bob Montgomery Chevrolet, Inc. v. Dent Zone Co.*, 409 S.W.3d 181, 195 (Tex. App.—Dallas 2013, no pet.). If a party who has been induced by fraud to enter into an agreement engages in conduct that recognizes the agreement as binding after the party becomes aware of the fraud, the party ratifies the agreement and waives any right to assert fraud as a ground to avoid the agreement. *Cordero v. Tenet Healthcare Corp.*, 226 S.W.3d 747, 750 (Tex. App.—Dallas 2007, pet. denied) (citing *Rosenbaum v. Texas Bldg. & Mort. Co.*, 140 Tex. 325, 167 S.W.2d 506, 508 (1943)). Once a party ratifies an agreement, that party may not later withdraw the ratification and seek to avoid the agreement. *Id*.

Here, the summary judgment evidence shows that after the jury trial, James and his family settled for $8 million. James and Jeffrey signed the compromise settlement agreement that paid approximately 40% of the total settlement to appellees and directed the remaining funds be placed in the HFQSF. They also signed a Rule 11 agreement directing appellees to receive an additional $1,122,003.20 out of the HFQSF and approved, in both form and content, the trial court's agreed order distributing the funds in accordance with the Rule 11 agreement. The evidence shows James agreed to pay appellees 50% of his recovery despite his belief he signed a

contract for only 33 1/3%. Likewise, the evidence shows Jeffrey agreed to the 50% contingency fee payment. Whether appellees admitted fraud is not relevant. Because appellees established their right to judgment as a matter of law, the burden shifted to James and Jeffrey to raise a genuine issue of material fact sufficient to defeat the summary judgment.

Appellants argue they raised a fact issue, relying on affidavit evidence that James misplaced the 33 1/3% contract and did not find it until after he signed the settlement documents. In his affidavit, he also stated he questioned the 50% contingency fee but "knew" he had signed the 33 1/3% contract. Jeffrey testified he "never signed a contingency fee agreement" with appellees and "never agreed to a 50% contingency fee." These facts, however, do not raise a material fact issue that would defeat summary judgment. The undisputed evidence showed that Jeffrey and James both signed the Rule 11 agreement and the corresponding order, both of which detailed how the settlement funds would be disbursed. By agreeing to the disbursement of the funds, consistent with the 50% contingency fee agreement, when according to their affidavits they knew they had not signed 50% contingency contracts, James and Jeffrey ratified the 50% contingency fee agreement. We overrule appellants' second and third issues.

We affirm the trial court's summary judgment.



141477F.P05                                    /Molly Francis/
                                               MOLLY FRANCIS
                                               JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES DAVID HORTON AND JEFFREY HORTON, Appellants

No. 05-14-01477-CV     V.

KIMBERLY A. STOVALL INDIVIDUALLY, AND STOVALL & ASSOCIATES, P.C., Appellees

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. 13-04197-J.
Opinion delivered by Justice Francis, Justices Myers and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that KIMBERLY A. STOVALL INDIVIDUALLY, AND STOVALL & ASSOCIATES, P.C. recover their costs of this appeal from JAMES DAVID HORTON AND JEFFREY HORTON.

Judgment entered December 4, 2015.